MASTENBROOK v. UNITED STATES ACCIDENT ASS'N.

1. APPEAL AND ERROR — REVIEW — FINDINGS OF FACT — CONCLUSIVENESS.

A finding of fact, where a case is tried by the court without a jury, is treated as a special verdict, and is conclusive if there is evidence to sustain it.

2. ACCIDENT INSURANCE — ACTION ON POLICY — LIMITATIONS — WAIVER.

In an action on an accident insurance policy, evidence examined, and *held*, to support the finding of facts and conclusion of law that a clause in the policy limiting action thereon to six months from the date of the injury had been waived by defendant.

Error to Kent; Perkins, J.  Submitted April 16, 1908. (Docket No. 106.)  Decided September 10, 1908.

Assumpsit by Jacob Mastenbrook against the United States Accident Association on a policy of insurance. There was judgment for plaintiff, and defendant brings error.  Affirmed.

*Heald & Montgomery*, for appellant.

*Charles A. Watt*, for appellee.

McALVAY, J.  Plaintiff sued defendant, a Michigan corporation, in justice's court in the city of Grand Rapids, upon a certain policy of insurance issued to him, and recovered a judgment of $142 damages, together with costs of suit.  Defendant appealed to the circuit court for Kent county, where the case was tried before the court without a jury.  The court made and filed his findings of fact and conclusions of law, and in accordance therewith a judgment was entered against defendant.  Amendments were proposed to these findings and conclusions of the court by defendant, which were refused.  Exceptions were then taken to the refusal of the court, as well as to the facts and conclusions objected to.  Upon these exceptions errors are duly assigned, and a reversal is asked of this court by defendant.

The following are the findings of fact and conclusions of law referred to:

"The parties in this cause being in court by their respective attorneys ready for trial, and the issue joined therein having been brought on for trial before the court without a jury, and the said court, having heard the proofs and allegations of the parties and the arguments of counsel, after mature deliberation thereon finds the following facts, viz.:

"(1) That said defendant company did, on the 8th day of March, 1904, issue to said plaintiff a certain health and accident policy, being numbered 14,593, therein in-

suring said plaintiff as a hotel keeper proprietor in ' Class B,' subject to the limitations and conditions named on the back of said policy, which were made a part of said contract, against the loss of time by reason of accidental injuries, sickness, or death while said policy should remain in force, and agreeing to pay said plaintiff, in case of accident, in accordance with the provisions of said policy.

"(2) That said policy on its face contained the following clauses: *First.* 'At the rate of one hundred dollars per month against loss of time for any period of temporary total disability, not exceeding twelve consecutive months, resulting from bodily injuries effected through external and accidental means, which shall independently of all other causes immediately, wholly and continuously disable him from transacting any kind of labor or business;' and, *second,* ' or for partial loss of time by reason of a material but not total disability, or a disability not resulting immediately after the accident, indemnity shall be paid at the rate of one-fifth of the monthly accident indemnity as above mentioned, for continuous disability not to exceed twelve months. Indemnity will be paid for partial disability succeeding total disability, but the combined period of both shall not exceed twelve months.'

" (3) That said policy on the back thereof contained the following limitation or condition:

" 'SECTION 8. Immediate written notice must be given to the secretary of the association at Detroit, Michigan, of any accidental injury or illness for which claim may be made under the contract, with full particulars of the accident or illness; and failure to give such written notice within ten days from date of accident or beginning of illness shall invalidate all claims under this contract. And no proceedings at law or in equity shall be brought to recover any sum unless the same is commenced within six months from the date of the alleged accidental injury, illness or death.'

" (4) That on the first day of July, 1905, and while said policy was in full force and effect, the said plaintiff sustained an accidental injury, whereby the second joint of the second finger on his left hand was broken and crushed, and that, in consequence thereof, the said plaintiff was obliged to and did call in a physician, by whom the same was necessarily treated on the following days: July 3d, 7th, 10th, 15th, 19th, 25th, August 6th, 18th, and 30th, September 9th and 20th, October 14th and 26th, November 3d and 7th, December 1st and 29th, of the year

1905, and on January 15th, February 16th, and March 16th, of the year 1906. That besides the foregoing treatments, subsequent treatments were had at various times, the dates of which are not given, but all of said treatments were had at the office of the physician, and none of them at the residence of the plaintiff. That plaintiff suffered great pain from said injury, extending over a period of more than 12 months, though in a gradually lessening degree, but that he never fully recovered from the injury, as the finger is still deformed, stiff, and weak and occasionally painful.

"(5) That plaintiff was engaged in the business of running a hotel in the small village of Grandville, in connection with which were a bar and livery stable, and that he himself took an active part in the work of the various departments, engaging only such help as was necessary, with his own labor, to do the work entailed. That his duties consisted in receiving guests, attending the bar, and waiting on customers, handling baggage, frequently the ordinary barn work, and taking care of the horses of customers, opening the hotel, etc., the early mornings, buying stock for the bar, and taking cash and paying bills. That from the first day of July, 1905, to August 12, 1906, the plaintiff was wholly unable to do any manual labor, but was not confined to his bed. That he was able to be around and partially superintend the running of the hotel, and to receive guests, handle cash, pay bills, and give such attention to his business for short periods of time as did not require any muscular exertion. That from August 12, 1905, to March 16, 1906, the plaintiff was partially disabled by reason of said accident, as the said finger continued weak, painful, and stiff and deformed, and interfered with the performance of his duties as such hotel keeper.

"(6) That said plaintiff, by reason of the aforesaid accidental injury, sustained a material, but not total, disability from July 1, 1905, to March 16, 1906.

"(7) That immediately after receiving this injury, the plaintiff gave written notice to defendant company of the same, in which he complied with all the requirements of the defendant in that regard. That no other or final proofs of loss are required by the terms of the policy. That no steps were taken by the defendant to adjust or reject the claim for indemnity, and that in September, 1905, the plaintiff and the general agent, located at Grand

Rapids, Mich., were in Detroit, and called on the general manager of defendant about this claim, and were informed by the general manager, one A. C. McGraw, that the claim would be adjusted when the final proofs were filed. That plaintiff afterwards consulted the defendant's general agent at Grand Rapids, one Miles B. Campbell, as to when he should file his final proof of claim, and was told by said Campbell to wait until he knew how long the injury would last, or, in the language Campbell used, 'until he got well.' That in March, 1906, the plaintiff, although not then recovered from his injury, determined to file a final proof of claim, and called on the general agent, Campbell, for the blank. That on March 12, 1906, Campbell wrote to defendant's head office in Detroit, asking for an accident blank for final proof of claim for plaintiff, and on March 13, 1906, the defendant wrote Campbell as follows: 'We herewith inclose you the final accident blanks for J. Mastenbrook as per your request'—and at the same time inclosing this blank, which plaintiff caused to be filled out and properly executed at some expense to himself, and forwarded same to defendant. That the same was received by defendant on March 19, 1906, and was filed, and a letter written as follows:

" 'DETROIT, MICHIGAN, April 13, 1906.
" 'Mr. J. MASTENBROOK,
          " 'Grandville, Mich.
" 'Dear Sir: Your communication of the 26th ult. received inclosing your final blank for disability, dating July 1, 1905, and we have referred same to the claim department, who will give it their usual prompt investigation and return. Trusting this arrangement is entirely satisfactory, we beg to remain,
          " 'Very truly yours,
     " 'THE UNITED STATES ACCIDENT ASS'N,
          " 'By C. E. HANGSTERFER, Treas.'

"That said final proof was executed on March 16, 1907, and contained the following provision:

" ' I understand and agree that the neglect of said association to pay said claim within sixty days from the date hereof shall, at the expiration of said sixty days, be construed by me as a refusal on part of said association to pay this claim, and in the event of the refusal, by notice or neglect of said association to pay said claim, I agree that no suit or proceedings at law shall be commenced or maintained for said injury unless the same shall be commenced within thirty days from the date of said refusal.'

"(8) That said so-called final proof showed that the plaintiff was injured July 1, 1905, and claimed for a total disability from that date to August 12, and from that date to March 16th, the date of the final proofs, for a partial disability. No objection was made by the defendant that the proof was too late, or on any other ground. From time to time plaintiff inquired of the general agent, Campbell, about the status of his claim, and was always informed by Campbell that the claim would be adjusted and paid. The defendant's local attorney, Mr. Smedley, made different attempts to get a settlement with plaintiff, and in fact negotiations were pending for a settlement between the parties up to August 16, 1906, during which time the contention between the parties was whether the plaintiff was entitled to indemnity for total or partial disability. At no time was the plaintiff notified that the defendant rejected the claim or denied liability. That suit was brought August 22, 1906.

"As conclusions of law from the foregoing facts the court finds:

"*First.* That said policy was a valid policy on and after July 1, 1905.

"*Second.* That said plaintiff sustained a material accidental injury on July 1, 1905, from which cause he suffered a partial loss of time by reason of such material, but not total, disability from July 1, 1905, for a period of 8½ months.

"*Third.* That the defendant has by its acts waived any right to claim that this suit was not brought within six months from the date of the accident or 90 days from date of filing final proofs of loss.

"*Fourth.* That defendant is liable to the plaintiff in the sum of $20 per month for such period, with interest at 5 per cent. from March 16, 1906, to date.

"*Fifth.* That plaintiff is entitled to a judgment for the sum of $180.95, with costs of suit to be taxed, including an attorney fee of $25.

"WILLIS B. PERKINS, Circuit Judge."

Defendant, waiving all other exceptions, relies upon the following:

(1) The action was barred by the terms of the policy, and there was no waiver.

(2) The action was barred by the terms of the final proof, and there was no waiver.

(3) The judgment should have been, no cause of action.

(4) Errors committed by the court in receiving evidence.

The first proposition rests upon the following clause contained in the policy:

"And no proceedings at law or in equity shall be brought to recover any sum unless the same is commenced within six months from the date of the alleged accidental injury, illness or death."

The second proposition rests upon the following clause, in the blank for final proofs furnished by defendant:

"I understand and agree that the neglect of said association to pay said claim within sixty days from the date hereof shall, at the expiration of said sixty days, be construed by me as a refusal on part of said association to pay this claim, and in the event of the refusal by notice or neglect of said association to pay said claim, I agree that no suit or proceedings at law shall be commenced or maintained for said injury unless the same shall be commenced within thirty days from the date of said refusal."

Both of these propositions will be disposed of adversely, if, from the evidence in the case, the trial court was correct in holding that defendant had waived the limitation of six months provided in the policy. The law is well established that a finding of fact, where a case is tried by the court without a jury, is to be treated as a special verdict, and is conclusive if there is evidence to sustain it. The findings in this case bearing upon the questions now under discussion are the 7th and 8th, contained in the findings of the court, supra. An examination of the record shows that there was evidence in the case tending to support such findings. The conclusion of law upon such findings that the limitation of six months provided in the policy had been waived by defendant is the logical and correct conclusion to be drawn from the facts found. It is not necessary to pass upon the effect of the limitation clause in the proofs of loss, and we refuse to consider it. The

evidence allowed in the case, over the objections and exceptions of defendant, numbered 1, 2, and 3, was material to the issue, and all related to the question of waiver. There was no error in admitting it.

The judgment of the circuit court is affirmed.

GRANT, C. J., and BLAIR, HOOKER, and CARPENTER, JJ., concurred.