FRIEDBERG *v.* INSURANCE CO. OF NORTH AMERICA.

1. Insurance—Proofs of Loss—Waiver.
   In action on policy insuring jewelry against loss, finding of trial court that formal proof of loss was waived, *held*, justified.

2. Appeal and Error—Finding of Fact.
   Finding of trial court as to date insured was notified of denial of liability by insurer, not being against clear weight of evidence, will stand, on appeal.

3. Insurance—Limitation of Actions—Waiver.
   Negotiations between insured and insurer of such character as to induce insured to abstain from bringing action operated to that extent as waiver of limitation of time provided in policy in which to bring action.

As to denial of liability before expiration of limitation period, see annotation in 3 A. L. R. 223.

4. SAME—DENIAL OF LIABILITY—REASONABLE TIME TO BRING ACTION.
   Where negotiations for settlement are broken off by insurer before expiration of period of limitation fixed by policy, and reasonable time remains for bringing action before termination of that period, insurer may assert limitation as defense.

5. SAME—WAIVER.
   Where negotiations between insured and insurer were broken off by latter only about three weeks before expiration of period of limitation fixed by policy, there was not reasonable time in which to bring action, and therefore limitation was waived.

Appeal from Wayne; Root (Jesse H.), J., presiding. Submitted January 21, 1932. (Docket No. 139, Calendar No. 35,476.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Assumpsit by Morris Friedberg against Insurance Company of North America, a Pennsylvania corporation, under a policy insuring jewelry against loss. Judgment for defendant. Plaintiff appeals. Reversed.

*Stevenson, Butzel, Eaman & Long* (*Victor W. Klein,* of counsel), for plaintiff.

*Warren, Hill & Hamblen* (*Sparkman D. Foster,* of counsel), for defendant.

CLARK, C. J. In this suit on a policy of insurance for loss of jewelry, defendant had judgment in a trial, September, 1930, without a jury. Plaintiff has appealed. The policy has a limitation that suit must be commenced within 12 months next after the happening of the loss. The loss happened on or about November 1, 1927. Suit was commenced on April 3, 1929. The question is that the suit was barred by the limitation.

Loss was reported promptly to the local agent, who in turn reported to defendant's branch man-

ager in charge of adjustment. Defendant stalled, admittedly, for considerable time after loss, this, it seems, in the hope that plaintiff might find the lost jewelry, and, in rather dilatory fashion, proceeded toward investigation and adjustment without formal proofs of loss. We spend no time on this feature of the case, the trial judge being clearly right in holding formal proofs of loss waived. Finally, being pressed, defendant, in Chicago, on October 1, 1928, wrote its local agent in Detroit, denying liability. The local agent had such letter on October 3d. The trial court found that plaintiff was advised of the denial of liability "in October, 1928," and this finding will stand, not being against the clear weight of the evidence. On what day in October plaintiff was so advised the record is not clear. There is evidence, relied on by the trial court, that plaintiff knew of the denial of liability "a few days" after October 1, 1928. Liability, therefore, was denied less than 30 days, perhaps nearly three weeks, before the expiration of the contractual period of limitation, one year.

The negotiations prior to denial of liability were clearly of a character to induce the plaintiff to abstain from suit (*Dahrooge v. Rochester German Ins. Co.*, 177 Mich. 442 [48 L. R. A. (N. S.) 906]), and operated as a waiver of the limitation to that extent at least.

The rule in this State is that, where negotiations for settlement are broken off by the insurer before the expiration of the period of limitation fixed by the policy, and a reasonable time remains for bringing suit before the termination of that period, the insurer may assert the limitation period as a defense. *Betteys v. Ætna Life Ins. Co.*, 222 Mich. 626, and cases there cited. Note 3 A. L. R. 223.

In *Dahrooge* v. *Rochester German Ins. Co., supra,* "over two months" remained of the limitation period of one year when negotiations were finally broken off, held, a reasonable time and that the limitation was a defense. Our attention is called to no case in which we have approved a period shorter than "about two months" (*Dahrooge* v. *Insurance Co., supra*) as reasonable. There is abundant discussion of what is and what is not a reasonable time, and we need not add to it.

In view of the fact that the parties contracted originally for a period of limitation of one year, and under the other facts of the case, we have no hesitation in saying that the time here remaining after negotiations were broken off, after denial of liability, and before termination of the limitation period, namely, less than 30 days—perhaps nearly three weeks, was not a reasonable time.

If the negotiations here had continued beyond the period of one year and had then been broken off and liability denied, the limitation would have been waived.

A necessary conclusion of holding the limitation period waived by the negotiations, rather than tolled on the theory of estoppel by the negotiations (note 3 A. L. R. 218), is that, where the negotiations are broken off by insurer so nearly to the end of the period of limitation that the time remaining for bringing suit within the period is not reasonable, the limitation is likewise waived. So it was here waived.

Reversed, with costs to appellant, and remanded for judgment for plaintiff.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.