PERKINS *v.* CENTRAL MUTUAL AUTO INS. CO.

INSURANCE—COMMENCEMENT OF SUIT WITHIN ONE YEAR—WAIVER.
  Provision in automobile insurance policy requiring suit on policy
    to be commenced within one year after loss accrues *held*,
    waived by insurer where within the year the parties negotiated
    about submitting the matter to the court under an agreed state-
    ment of facts (3 Comp. Laws 1929, § 13941, subd. 7).

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 4, 1934. (Docket No. 79, Calendar No. 38,044.) Decided December 10, 1934.

Assumpsit by Henry Perkins against Central Mutual Auto Insurance Company, a Michigan corporation, on an automobile insurance policy. Judgment for plaintiff. Defendant appeals. Affirmed.

*Parmenter & Van Eenenaam,* for plaintiff.

*Mason, Alexander, McCaslin & Cholette,* for defendant.

POTTER, J. Plaintiff sued on a policy of insurance to recover damages for the loss of an automobile insured by defendant.

The question is whether plaintiff's right to recover is barred by the terms of the policy which provides suit must be commenced within one year after loss accrues.

Appellee concedes the limitation in the policy that suit must be commenced within a year after loss accrues is valid and enforceable, unless, under the facts, defendant waived this provision of the policy,

or has become estopped by its conduct to rely upon it. The trial court held such provision of the policy had been waived and entered judgment for plaintiff. Defendant appeals.

The case was heard before a jury but, after the testimony was concluded, the parties waived the right to have the case decided by jury and agreed it should be submitted to, and decided by, the court.

After loss accrued, plaintiff and defendant, through their representatives, negotiated for a considerable time about submitting the disputed facts to a court for decision, evidently contemplating such submission under 3 Comp. Laws 1929, § 13941, subd. 7, which provides:

"Parties to any question of difference which might be the subject of any civil action, without bringing suit, may agree upon a case containing the facts of the matter in controversy, and submit the same to the court, and the court shall thereupon hear and determine the cause and render judgment thereon, as in other cases."

Plaintiff's loss accrued about August 1, 1930. August 1, 1931, the parties were still negotiating for a settlement. On that day, plaintiff's attorney wrote defendant's counsel:

"It is my understanding from our arrangement that we will submit to the court the question of whether or not under the facts as stated Mr. Perkins had an insurable interest in the car, or, if you prefer, whether or not the statutory provision with regard to transfer of title within ten days is a bar to recovery by Mr. Perkins."

Shortly after this, defendant's attorney had a conference with plaintiff's counsel, in Muskegon. It was not until September 15, 1932, the parties dis-

cussed a cash settlement of the controversy. Negotiations dragged along until April 28, 1933, when defendant's attorney wrote plaintiff's attorney:

"Our clients feel that since the time for starting suit under the policy has expired and for other reasons there is no liability in this case that they must decline to make any payment under this policy."

Suit was commenced July 24, 1933. Under the circumstances, defendant waived its right to stand upon the strict terms of the policy providing action thereon should be begun within one year after loss accrues. *Dolsen* v. *Phœnix Preferred Accident Ins. Co.*, 151 Mich. 228; *Mastenbrook* v. *United States Accident Ass'n*, 154 Mich. 16; *Friedberg* v. *Ins. Co. of North America*, 257 Mich. 291.

Judgment affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.