BETTER VALU HOMES, INC. v PREFERRED MUTUAL
INSURANCE COMPANY

1. INSURANCE—INSURERS—NEGOTIATIONS—DILATORY TACTICS—LIMITA-
TION ON ACTION—WAIVER—DEFENSES.

An insurer who through negotiation or dilatory tactics induces an
insured to forego bringing suit under an insurance policy until
after the period for bringing action under the policy has
expired will be held to have waived the limitations defense.

2. INSURANCE—FIRE INSURANCE—PROCEEDS OF POLICY—MORTGAGE-
LOSS-PAYABLE CLAUSE—CONTRACTS—MORTGAGEES—MORTGA-
GORS—PRIORITIES.

There is only one commitment to insure against fire loss in a fire
insurance policy but where there is a mortgage-loss-payable
clause in the policy of insurance there are two separate con-
tracts governing to whom the proceeds of the insurance policy
are to be given and for what purpose; the standard clause gives
priority to insuring the mortgage debt and gives the proceeds to
the mortgagee of the property to the extent that the proceeds
equal or are less than the mortgage indebtedness, and it gives
the mortgagee's claims to the proceeds priority over the com-
peting claims to them of the mortgagor.

3. INSURANCE—FIRE INSURANCE—PROCEEDS OF POLICY—MORTGAGOR'S
INTEREST—CONTRACTS.

A mortgagor's interest in the proceeds of a policy of fire insur-
ance on its property is for the damage actually done to the
insured building, and the interest arises from the underlying
insurance contract.

4. INSURANCE—FIRE INSURANCE—PROCEEDS OF POLICY—CLAIMS TO
PROCEEDS—COMPETING CLAIMS—MORTGAGEES—MORTGAGORS—
CONTRACTS—REAL PARTY IN INTEREST.

Claims of either the mortgagee or the mortgagor to the proceeds

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1553–1556.
[2–4, 6] 44 Am Jur 2d, Insurance §§ 1347–1368.
[5] 45 Am Jur 2d, Interpleader §§ 14, 17.
[7] 46 Am Jur 2d, Judges §§ 46, 47.
[8] 5 Am Jur 2d, Appeal and Error § 931.

of a fire insurance policy covering the mortgaged property where there is a mortgage-loss-payable clause are legally valid and based on contractual obligations owed them, such that either claimant would be a real party in interest in an action for the proceeds, regardless of whether the competing claims of both could be completely satisfied.

5. INSURANCE—INSURERS—DOUBLE LIABILITY—COURT RULES—INTERPLEADER.

The dilemma of an insurer confronted with the possibility of being doubly liable under its insurance policy if it paid the proceeds to the plaintiff in an action against the insurer and then had to face a similar claim filed subsequently by a third party mortgagee is precisely the situation interpleader actions are designed to resolve (GCR 1963, 210).

6. INSURANCE—FIRE INSURANCE—CONTRACTS—CONTRACTUAL DUTIES—MORTGAGEES—MORTGAGORS—PROCEEDS—CLAIMS TO PROCEEDS—NEGOTIATING—LIMITATION OF ACTION PERIOD—LIMITATION OF ACTION DEFENSE—WAIVER OF DEFENSE.

A defendant insurer whose policy of fire insurance contains a mortgage-loss-payable clause may not use its contractual duties to the mortgagee of the property against a plaintiff mortgagor of the property; it may not obviate the double liability question by negotiating the plaintiff mortgagor's claim to the proceeds of the policy until after the policy's limitation on actions period has run against the mortgagee, and then use the same limitations period against the plaintiff mortgagor to bar all liability; such conduct waives the limitations defense against the plaintiff mortgagor.

7. MOTIONS—JUDGES—FINDINGS OF FACT—CONCLUSION OF LAW.

A judge is not required to make findings of fact and conclusions of law in decisions on motions (GCR 1963, 517).

8. APPEAL AND ERROR—JUDGMENT—OPINION OF COURT—RATIONALE—THEORY.

The Court of Appeals is obligated to set aside a judgment and remand a case where the trial court's opinion does not disclose its underlying rationale and there is a possibility that the judgment rests upon an insubstantial theory.

Appeal from Macomb, Edward J. Gallagher, J. Submitted Division 2 March 13, 1975, at Detroit. (Docket No. 20439.) Decided April 8, 1975.

Complaint by Better Valu Homes, Inc., against the Preferred Mutual Insurance Company for recovery under a policy of fire insurance. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dank, Peterson & Hay, P. C.* (by *Alan H. Broad*), for plaintiff.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen,* for defendant.

Before: R. B. BURNS, P. J., and V. J. BRENNAN and T. M. BURNS, JJ.

R. B. BURNS, P. J. On May 3, 1974, the circuit judge granted defendant's motion for accelerated judgment, GCR 1963, 116.1. The judge allowed a rehearing on the matter but refused to change his original decision. Plaintiff appeals.

Plaintiff, Better Valu Homes, Inc., purchased a fire insurance policy from defendant. The policy applied to a building plaintiff owned in Sterling Township, Michigan. While the policy described plaintiff as its named insured, it also contained a standard mortgage-loss-payable clause[1] that named plaintiff's mortgagee, Detroit & Northern Savings & Loan Association (hereinafter referred to as the mortgagee), as its beneficiary.

---

[1] So far as it concerns the resolution of this controversy, the clause reads as follows:

"Loss or damage, if any, under this policy, shall be payable to the mortgagee * * * as interest may appear, and this insurance as to the interest of the mortgagee * * * shall not be invalidated by any act of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee * * * shall, on demand, pay the same."

On August 18, 1970, the insured premises incurred fire damage. Plaintiff repaired the building at its own expense. On December 9, 1970, plaintiff filed a proof of loss with the defendant covering the cost of repair. Defendant rejected the loss statement. It was disputed whether the two parties continued to negotiate this question until September 8, 1971, when plaintiff brought suit to obtain the insurance proceeds. Defendant claims the action is barred by the one year limitation-on-actions provision in the insurance contract and by the fact that plaintiff is not a real party in interest in this dispute. The mortgagee never filed a claim for any damages due to the August 18, 1970, fire.

Defendant's motion for accelerated judgment was granted, but the trial judge's opinion failed to state the basis for its decision. Plaintiff contends that the trial judge found that defendant had waived the limitations defense by negotiating with plaintiff until after the limitations period had run, but that the trial judge ruled in defendant's favor because he believed plaintiff was not a real party in interest. Defendant does not deny plaintiff's assertions; it simply claims that the record does not clearly verify them.

If an insurer, through negotiations or dilatory tactics, induces an insured to forego bringing suit under an insurance policy until after its limitations period has expired, the insurer will be held to have waived the limitations defense. *Friedberg v INA*, 257 Mich 291; 241 NW 183 (1932), *Perkins v Central Mutual Auto Ins Co*, 269 Mich 584; 257 NW 891 (1934). Whether the defendant may have waived this defense is of critical importance here because of the peculiar manner in which the waiver question intertwines with the question of plaintiff's status as a real party in interest.

Basically, there is only one insurance commitment here, the defendant's commitment to insure the Sterling-Township building against fire loss, but there are two separate contracts governing to whom the proceeds of the insurance policy are to be given and for what purposes. *Citizens State Bank v Fire Ins Co,* 276 Mich 62; 267 NW 785 (1936), and *Pink v Smith,* 281 Mich 107; 274 NW 727 (1937). The standard mortgage-loss-payable clause gives the proceeds to the mortgagee to the extent that they equal or are less than the mortgage indebtedness of the property, and it gives the mortgagee's claims to the proceeds priority over the competing claims to them of the mortgagor (plaintiff); in other words, the clause gives priority to insuring the mortgage debt. *Citizens State Bank, supra,* and *Pink, supra.* The mortgagor's (plaintiff's) interest in the proceeds is for the damage actually done to the insured building, and it arises from the underlying insurance contract. But, it is essential to note that the claims of either the mortgagee or the mortgagor (plaintiff) are legally valid and based on contractual obligations owed them; as a result, either claimant would clearly be a real party in interest regardless of whether the claims of both the mortgagee and the mortgagor (plaintiff) could be completely satisfied if both parties should choose to file competing claims. GCR 1963, 201.2, and *Fair v Martin,* 125 Mich 612; 85 NW 2 (1901).

In the present case, defendant was confronted with the possibility of being doubly liable under its insurance policy. That possibility could arise if the defendant paid plaintiff only to face a similar claim filed subsequently by the mortgagee. This dilemma is precisely the situation interpleader actions are designed to resolve. GCR 1963, 210.

Obviously, defendant did not avail itself of this remedy. But defendant was not at liberty to use its contractual duties to the mortgagee against those owed the plaintiff to avoid liability to either party. It could not negotiate or delay plaintiff's claim until after the limitation period had run against the mortgagee (thereby obviating the double liability question) on a theory that the claim was premature (*i.e.,* plaintiff was not yet a real party in interest) only to subsequently use that same limitations period against plaintiff to bar all liability. Such conduct would waive the limitations defense defendant had against the plaintiff. *Friedberg v INA,* 257 Mich 291; 241 NW 183 (1932), and *Perkins v Central Mutual Auto Ins Co,* 269 Mich 584; 257 NW 891 (1934).

We are aware that GCR 1963, 517 does not require trial judges to make findings of fact and conclusions of law on decisions of motions. However, in cases like the present one, where the motion is based upon multiple theories, the better practice would be for the trial judge to clearly state such findings and conclusions, rather than to grant the motion for accelerated judgment without further elaboration. The adoption of this recommendation would effectively facilitate the review of the trial court decision. Since the trial court opinion does not disclose its underlying rationale and since there is at least a possibility that it rests upon an insubstantial theory, this Court is obligated to set aside the judgment and remand this case for further proceedings in accord with the principles enunciated here. *Thayer v Barber's Flying Service,* 40 Mich App 326; 198 NW2d 761 (1972).

Costs to abide final results.