HEARN v RICKENBACKER

Docket No. 72433. Submitted November 8, 1984, at Detroit.—Decided February 5, 1985. Leave to appeal applied for.

Plaintiff, William A. Hearn, Jr., doing business as W. A. Hearn's Men's Wear, purchased a fire insurance policy from the Michigan Basic Property Insurance Association through an agent, Floyd W. Rickenbacker, doing business as Rickenbacker & Associates. A fire occurred on October 20, 1980, and the insurer refused to pay the claim for loss, asserting that the policy had been cancelled for lack of payment and had not been reinstated until October 21, 1980, one day after the fire. Plaintiff brought an action in June, 1982, against Rickenbacker and the insurer, alleging breach of contract, negligence and fraud. The Wayne Circuit Court, Patrick J. Duggan, J., granted accelerated judgment in favor of the insurer only, on the basis that suit had not been brought within 12 months of the insurer's denial of the claim, as required by the language of the Michigan standard fire policy involved herein. Plaintiff appealed. *Held:*

1. The breach of contract claim is barred by the 12-month limitation. Plaintiff has not pled the necessary elements to bring the claim within an exception to the limitation.

2. The tort claims of negligence and fraud are independent of the breach of contract claim and are not subject to the 12-month limitation. Plaintiff properly pled fraud or negligence on the part of the insurer's agent, Rickenbacker, and raised a material issue of fact as to this issue. Accelerated judgment on those claims was improper.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — DUTY OF INSURER — TORTS — BREACH OF CONTRACT.

There is a relationship of trust and confidence between an insurer and its insured which, although the relationship is not a fiduciary one, gives rise to a duty for the insurer to deal fairly with its customers apart from any contractual obligations owed;

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 159.
  44 Am Jur 2d, Insurance § 1876 *et seq.*
[2] 73 Am Jur 2d, Summary Judgment § 26.

thus, an action against an insurer by an insured based on tort claims may be pursued even though an accompanying claim based on breach of contract may be barred by a time limitation contained in the insurance policy.

2. Motions and Orders — Accelerated Judgment.

Courts, in reviewing motions for accelerated judgment, must accept all well-pled allegations of the nonmoving party as true and where factual issues exist accelerated judgment should not be granted.

*Thomas Lazar,* for plaintiff.

*Klemanski & Gordon, P.C.* (by *John D. Honeyman*), for Michigan Basic Property Insurance Association.

Before: Gribbs, P.J., and D. E. Holbrook, Jr., and N. J. Lambros,* JJ.

Per Curiam. Plaintiff appeals as of right from an order granting accelerated judgment in favor of defendant Michigan Basic Property Insurance Association pursuant to GCR 1963, 116.1(5). Plaintiff had purchased fire and theft insurance from defendant on April 30, 1980. Plaintiff suffered a loss by fire on October 20, 1980. Defendant asserted that the policy has been cancelled due to lack of payment and was not reinstated until October 21, 1980, one day after the fire, and accordingly refused to pay the claim. Plaintiff alleges that he had given defendant's agent, Floyd W. Rickenbacker, doing business as Rickenbacker & Associates, the full payment and that he was unaware of the cancellation. Plaintiff's complaint consisted of three counts asserting breach of contract, negligence and fraud.

Accelerated judgment was granted based on MCL 500.2832; MSA 24.12832 which states *inter alia* that:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The lower court held that plaintiff was time-barred from litigating any of the three counts, as this suit was not instituted within 12 months of the insurance company's denial of the claim. *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 37-38; 319 NW2d 320 (1982). We agree that the breach of contract claim upon the insurance policy is barred despite attempts to fit within the exception of *Better Valu Homes v Preferred Mutual Ins Co,* 60 Mich App 315, 318; 230 NW2d 412 (1975), where we said:

"If an insurer, through negotiations or dilatory tactics, induces an insured to forego bringing suit under an insurance policy until after its limitations period has expired, the insurer will be held to have waived the limitations defense. *Friedberg v INA,* 257 Mich 291; 241 NW 183 (1932), *Perkins v Central Mutual Auto Ins Co,* 269 Mich 584; 257 NW 891 (1934)."

Our review of the record reveals that plaintiff has not properly pled all the elements that are required for this exception to apply.

Plaintiff also contends that his claims that are based in tort should not be time-barred. We find this to be a matter of first impression in Michigan.

We believe that the tort claims are independent of the contract of insurance and not limited to the twelve-month limitation period. *Plant v Illinois Employers Ins of Wausau,* — Ohio App —; — NE2d — (1984). This is not a situation where the plaintiff, having lost a first suit based on contract, has instituted a second action as in *Zehner v MFA*

*Ins Co,* 451 NE2d 65 (Ind App, 1983). Rather, plaintiff's complaint alleges both fraud and contract. We agree that there is a special relationship between an insurer and its insured and that, due to the quasi-public nature of the insurance industry, there is a duty for insurance companies to deal fairly with their customers apart from any contractual obligations owed. *McCarty v First of Gerogia Ins Co,* 713 F2d 609, 611 (CA 10, 1983), and *Plant, supra.* See also *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608, 621; 310 NW2d 15 (1981), *lv den* 413 Mich 874 (1982), where this Court held that, although this relationship is not a fiduciary one, there is a relationship of trust and confidence which the court will recognize as sufficient to permit an action for fraud to be predicated upon a misrepresentation.

In the instant case plaintiff alleged the elements of fraud properly. Plaintiff contends that he paid a full year's premium to defendant's agent Rickenbacker who only forwarded half of the amount and did not forward the other half until the policy was cancelled, and that due to this agent's fraud or negligence the policy lapsed for the day of the loss. We find this to be a material question of fact and that accelerated judgment was not proper.

"In reviewing motions for accelerated judgment, courts must accept all well-pled allegations of the non-moving party as true. It is improper to grant a motion for accelerated judgment where factual issues exist. *Tonegatto v Budak,* 112 Mich App 575, 579; 316 NW2d 262 (1982)." *Grebner v Runyon,* 132 Mich App 327, 338; 347 NW2d 741 (1984).

Plaintiff should be allowed an opportunity to prove his allegations.

Accordingly, the grant of accelerated judgment

is affirmed as to the breach of contract claim and reversed as to the negligence and fraud claims.

Affirmed in part, reversed in part and remanded.