COMPTON v MICHIGAN MILLERS MUTUAL INSURANCE
COMPANY

Docket No. 76188. Submitted December 4, 1985, at Grand Rapids.—
Decided April 8, 1986. Leave to appeal denied, 425 Mich —.

On June 28, 1979, a fire completely destroyed a cottage belonging
to Billy and Dolly Compton. The Comptons learned of the fire
within 24 hours and immediately made a claim of loss through
the insurance agent from whom they had purchased insurance
on the cottage. A representative of Michigan Millers Mutual
Insurance Company, the insurer, contacted the Comptons re-
garding the loss and prepared a proof of loss statement in the
amount of $8,450. The Comptons objected to the amount and
requested $18,000, the full face value of the policy. Michigan
Millers did not provide the Comptons a proof of loss statement
in the amount of $18,000, and the 60-day period within which
the proof of loss claim must be filed expired. The Comptons
retained an attorney in 1980 and negotiations continued be-
tween the parties until, on August 5, 1981, Michigan Millers
provided the Comptons with a proof of loss statement in the
amount of $9,500, which the Comptons rejected. The Comptons
filed a breach of contract action against Michigan Millers in
Oceana Circuit Court on February 1, 1983. Defendant filed a
motion for accelerated judgment, contending that plaintiffs had
failed to submit a proof of loss statement within 60 days of the
loss and had failed to commence suit within one year of
inception of the loss, as required by the contract and by statute.
Plaintiffs argued that defendant was equitably estopped from
raising the limitation period as a defense because it had in-

REFERENCES

Am Jur 2d, Insurance §§ 1883, 1890, 2051-2056.

Am Jur 2d, Limitation of Actions §§ 422-452.

Insurers failure to pay amount of admitted liability as precluding
reliance on statute of limitations. 41 ALR3d 1111.

Application to period of limitations fixed by contract, of statute
permitting new action to be brought within specified time after
failure of prior action for cause other than on the merits. 16
ALR3d 452.

See also the annotations in the ALR3d/4th Quick Index under Fire
Insurance.

duced plaintiffs to delay filing a proof of loss statement and commencing suit by using negotiations as a dilatory tactic. The trial court, Terrence R. Thomas, J., granted accelerated judgment in favor of defendant. Plaintiffs appealed. *Held:*

1. The trial court correctly concluded that defendant was not estopped from asserting a one-year limitation period.

2. The one-year period of limitation was tolled from the time notice was given to defendant to the time defendant formally denied liability. A grant of accelerated judgment based on the expiration of the one-year period of limitation therefore would be inappropriate.

3. The trial court erred in finding that plaintiffs' action was barred by the 60-day proof of loss requirement. If plaintiffs were unable to obtain blank proof of loss forms or if defendant refused to prepare one in the claimed amount of $18,000, defendant should be estopped from claiming expiration of the 60-day period. The trial court's grant of defendant's motion for accelerated judgment was improper, since there is a question of fact as to whether plaintiffs were able to obtain the necessary forms or whether they were forced to rely upon defendant to provide the forms.

Reversed and remanded.

1. LIMITATION OF ACTIONS — DEFENSES — ESTOPPEL.

A plaintiff, in order to avoid a statute of limitations defense using an estoppel theory, must allege action by the defendant, such as concealment of a cause of action, misrepresentation as to the time in which an action may be brought, or inducement to refrain from bringing an action.

2. LIMITATION OF ACTIONS — NEGOTIATIONS — EQUITABLE ESTOPPEL.

Negotiations, if deliberately intended to forestall commencement of an action, will be considered an inducement sufficient for application of the equitable estoppel theory to preclude use of a statute of limitations defense.

3. INSURANCE — FIRE INSURANCE — ACTION ON POLICY — LIMITATION PERIOD.

The contractual 12-month period of limitation in which to bring suit on a standard fire insurance policy begins to run from the date of the loss, but the running of the period is tolled from the time the insured gives notice of the loss until the insurer formally denies liability (MCL 500.2832; MSA 24.12832).

4. JUDGMENTS — ACCELERATED JUDGMENT — MOTIONS AND ORDERS.

It is improper to grant a motion for accelerated judgment in any case in which factual issues exist.

*William E. Montgomery,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley* and *Robert E. Attmore),* for defendant.

Before: BEASLEY, P.J., and R. M. MAHER and R. L. TAHVONEN,* JJ.

PER CURIAM. In this breach of contract case, the trial court granted defendant's motion for accelerated judgment, GCR 1963, 116.1(5), now MCR 2.116(C)(7), finding that plaintiff had failed to file suit within one year of the loss and had failed to file a proof of loss statement within 60 days of the loss, MCL 500.2832; MSA 24.12832. We reverse.

On June 28, 1979, a fire completely destroyed plaintiffs' cottage in Shelby, Michigan. The building was insured under a fire insurance policy plaintiffs had purchased from defendant. Plaintiffs, who lived in Detroit, learned of the fire within 24 hours from friends and immediately made a claim of loss through the agent from whom they had purchased the insurance policy, the Stariha Agency.

Robert S. Pleiss, defendant's representative, contacted plaintiffs regarding the loss. Pleiss was prepared to determine plaintiffs' loss based on a policy with a face value of $12,000 until plaintiffs corrected him, pointing out that they had increased the fire insurance coverage to $18,000.

Pleiss prepared a proof of loss statement in the amount of $8,450 and mailed it to plaintiffs for their signatures on August 16, 1979. Plaintiffs objected, requesting the full $18,000. Defendant did not provide plaintiffs with a proof of loss statement in the amount of $18,000, and the 60-day period expired.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiffs retained an attorney in 1980 and nego-tiations continued between the parties. The record does not indicate the extent of the negotiations, but plaintiffs argued that there were many tele-phone conversations and a few letters exchanged. On August 5, 1981, defendant provided plaintiffs with a proof of loss statement in the amount of $9,500, which plaintiffs rejected.

Plaintiffs instituted suit for breach of contract on February 1, 1983. Defendant filed a motion for accelerated judgment, contending that plaintiffs had failed to submit a proof of loss statement within 60 days of the loss and had failed to com-mence suit within one year of inception of the loss, as required by the contract and statute, MCL 500.2832; MSA 24.12832. Plaintiffs argued that defendant was equitably estopped from raising the limitation period as a defense because defendant had induced plaintiffs to delay filing a proof of loss statement and commencing suit by using negotia-tions as a dilatory tactic.

At a hearing held December 12, 1983, the trial court granted defendant's motion and later en-tered a corresponding order, from which plaintiffs appeal as of right.

I

We first consider whether plaintiffs' claim was barred by the one-year period of limitation found in the contract and statute, MCL 500.2832; MSA 24.12832.

The policy provides, as authorized by statute:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

Without question, plaintiffs did not commence this suit until February 1, 1983, over 3½ years after the loss.

Faced with this substantial hurdle in the path of recovery on the policy, plaintiffs argue initially that defendant is estopped from asserting the one-year requirement as a bar because of its negotiations with plaintiffs and failure to deny liability until after one year had expired.

To avoid a statute of limitations defense using an estoppel theory, a plaintiff must allege action by the defendant, such as concealment of a cause of action, misrepresentation as to the time in which an action may be brought, or inducement to refrain from bringing an action. *Robinson v Associated Truck Lines, Inc*, 135 Mich App 571, 576; 355 NW2d 282 (1984). Negotiations, if deliberately intended to forestall commencement of an action, will be considered an inducement sufficient for application of the equitable estoppel theory. *Friedberg v Ins Co of North America*, 257 Mich 291; 241 NW 183 (1932); *Better Valu Homes, Inc v Preferred Mutual Ins Co*, 60 Mich App 315; 230 NW2d 412 (1975).

However, even if we assume that negotiations between the date of loss and August 5, 1981, (when the final $9,500 proof of loss was prepared by the insurance company) were intended by the insurer to forestall filing, there is nothing in the record to support a finding that such bad faith negotiations continued thereafter. From August, 1981, to February, 1983—a period of 18 months—plaintiffs cannot reasonably claim that they were induced by their insurer to forego suit. Therefore, the trial court correctly concluded that defendant was not estopped from asserting that plaintiffs' action was barred by the expiration of the one-year limitation period.

## II

For the first time on appeal, plaintiffs argue that the running of the one-year period of limitation was tolled from the time notice was given to defendant to the time defendant formally denied liability.

Although we could decline to consider this issue since the trial court never had an opportunity to pass upon it, we deem consideration appropriate since it is a question of law for which all the necessary facts have been presented. *Ledbetter v Brown City Savings Bank,* 141 Mich App 692, 702; 368 NW2d 257 (1985).

In *Ford Motor Co v Lumberman's Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320 (1982), the Michigan Supreme Court held that:

"The period of limitation begins to run from the date of the loss, but the running of the period is tolled from the time the insured gives notice until the insurer formally denies liability."

The question then becomes whether plaintiffs gave defendant sufficient notice to toll the running of the period. Defendant asserts that *Ford Motor Co* should be read to hold that notice is not effected until a plaintiff submits a sworn proof of loss statement to its insurer. Defendant then argues that plaintiffs never submitted a sworn proof of loss statement and therefore the one-year period was never tolled.

We need not now decide whether "notice" as used in *Ford Motor Co* requires a sworn proof of loss statement. In this case the insurer itself prepared a proof of loss statement, on August 16, 1979—49 days after the loss—followed by prompt, definite, unambiguous and undisputed notice that plaintiffs demanded policy limits of $18,000.

Problems associated with unwritten notice, such as an insurer not knowing whether the insured will ever file a claim or not knowing what loss is claimed and whether it is covered, are not present in this case. Plaintiffs clearly indicated a desire to make a claim, and stressed the fact that they were covered for $18,000. Defendant suggests that it could not have denied plaintiffs' claim since a claim had not yet formally been made, but the facts indicate that defendant knew plaintiffs were making a claim and knew it to be in the amount of $18,000. We are satisfied that the running of the one-year limitation period was tolled, and therefore a grant of accelerated judgment on this basis would be inappropriate.

### III

We next decide whether the trial court correctly found the action barred by the 60-day proof of loss requirement. Acknowledging that they never signed such a sworn statement, plaintiffs again argue that defendant is estopped from raising this defense to the action.

In Billy Compton's affidavit in opposition to defendant's motion for accelerated judgment he avers that defendant mailed plaintiffs a pre-prepared proof of loss statement in the amount of $8,450 on August 16, 1979, and that plaintiffs notified defendant that this amount was wholly inadequate. The record suggests that defendant possessed the necessary claim forms and distributed them to plaintiffs only in pre-prepared form. Also, defendant's representative allegedly told plaintiffs that he would investigate the claim and prepare the proof of loss statement. If plaintiffs were unable to obtain blank forms or if defendant

refused to prepare one in the claimed amount of $18,000, then defendant should be estopped from claiming expiration of the 60-day period. Defendant's procedural rules for filing the statement of loss should not be used to the detriment of plaintiffs.

Plaintiffs contend in their memorandum in opposition to defendant's motion for accelerated judgment that they relied on defendant's assertions that defendant would prepare the proof of loss statement. Since this raises a question of fact as to whether plaintiffs were able to obtain the necessary forms or whether they were forced to rely upon defendant to provide them, the trial court's grant of defendant's motion for accelerated judgment was improper. *Hearn v Rickenbacker,* 140 Mich App 525, 528; 364 NW2d 371 (1985).

Reversed and remanded. Costs to appellants.