**Michael VHALANTONES, Plaintiff,**

v.

**ZURICH–AMERICAN INSURANCE COMPANY, Defendant.**

**No. 90–CV–71666–DT.**

United States District Court,
E.D. Michigan, S.D.

Sept. 10, 1990.

Marianne Sokolev, Detroit, Mich., for plaintiff.

Peter B. Kupelian, Robert D. Martinez, Southfield, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DUGGAN, District Judge.

Plaintiff, Michael Vhalantones, brought this breach of marine insurance contract action in Wayne Circuit Court on May 10, 1990, against defendant, Zurich–American Insurance Company. The action was removed to this Court on the ground that it is within its admiralty jurisdiction. *See* 46 U.S.C.App. § 740, 28 U.S.C. §§ 1333, 1441, 1446. Presently pending before this Court is defendant's Motion for Summary Judgment. Fed.R.Civ.P. 56.

### I.

### FACTS

On December 25, 1988, plaintiff's boat sunk while it was docked for the winter. This boat was insured under a policy issued by defendant. Plaintiff filed notice of the loss on December 28, 1988. On February 3, 1989, defendant denied plaintiff's claim in writing. *See,* defendant's Motion for Summary Judgment ("Motion"), Exh. C.

The subject insurance policy contained the following provision:

Time for Suit.

It is a condition of this policy that no suit, action or proceeding for the recovery of any claim under this policy shall be maintainable in any court of law or equity unless the same shall be commenced within twelve (12) months, after the time a cause of action for the loss accrues. Provided, however, that if by the laws of the state within which this policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted, by the laws of such State to be fixed herein.

Defendant's Motion, Exh. A. Plaintiff filed the within lawsuit 15 months and 7 days after his claim was formally denied. Defendant claims that this fact entitles it to summary judgment because the above-cited provision bars plaintiff's claim as a matter of law. Plaintiff opposes this motion.

### II.

### ANALYSIS

■ Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c). The party moving for summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the record demonstrating the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

■ The basis of defendant's motion is the twelve month limitation period cited above. Under Michigan law,[1] an insurer can contract to reasonably limit the time within which a suit can be brought by the insured. *Aldalali v. Underwriters at Lloyds, London,* 174 Mich.App. 395, 398, 435 N.W.2d 498 (1989). The *Aldalali* Court noted that the Michigan Supreme Court has found a twelve-month limitation on suits to be reasonable. It also found, as conceded by defendant, that the limitation period is tolled from the date that the insured gives notice of the loss until liability is formally denied by the insurance company. *Id.* at 399, 435 N.W.2d 498.

Defendant contends that, based upon these rules of law, and the undisputed fact that plaintiff's complaint was filed over 15 months after plaintiff's claim was formally denied, it is entitled to summary judgment based on the twelve month limitation period, as a matter of law. As evidentiary support for this argument, defendant at-

---

1. State substantive law governs cases involving a marine insurance policy where, as here, there is no applicable federal admiralty rule. *Int'l*

*School Services, Inc. v. Northwestern National Insurance Co.,* 710 F.Supp. 86, 88 (S.D.N.Y. 1989).

taches to its motion an affidavit of Henry Cerco, its Resident Marine Claims Manager, which states, in part:

> After the letter denying Plaintiff's claim on February 3, 1989, Zurich–American made no statements to Michael Vhalantones concerning his claim from which it could be concluded that his claim was under active consideration or that Zurich–American was reconsidering or intended to reconsider its denial dated February 3, 1989.

Cerco Affidavit ·at ¶ 7.

■ This Court believes that defendant's arguments and documentary support, if unopposed, would entitle it to summary judgment. Thus, plaintiff must go beyond the pleadings and come forward with specific facts showing that there is a genuine issue of material fact. Fed.R.Civ.P. 56(e). *Celotex, supra,* 106 S.Ct. at 2553. A material issue of fact exists where a reasonable jury, viewing the evidence in a light most favorable to the non-moving party, could return a verdict for that party. *Bobby v. Dean,* 821 F.2d 346, 349 (6th Cir.1987).

In opposition to defendant's motion, plaintiff alleges that, although defendant denied plaintiff's claim in writing, it continued to negotiate the claim with plaintiff's personal attorney into 1990. Plaintiff points to Michigan cases that hold that limitation periods can be waived by the insurer's conduct, thereby estopping the insurer from asserting the limitation period as a defense. *See, e.g., Turner v. Fidelity & Cas. Co.,* 112 Mich. 425, 70 N.W. 898 (1897).

This rule was explained in the leading case of *Friedberg v. Insurance Co. of North America,* 257 Mich. 291, 241 N.W. 183 (1932):

> The rule in this State is that, where negotiations for settlement are broken off by the insurer before the expiration of the period of limitation fixed by the policy, and a reasonable time remains for bringing suit before the termination of that period, the insurer may assert the limitation period as a defense. *Betteys v. Aetna Life Ins. Co.,* 222 Mich. 626, 193 N.W. 197, and cases there cited. Note 3 A.L.R. 223.

*Id.* at 293, 241 N.W. 183.

The Court found that ending settlement negotiations approximately 2 months prior to the termination of the period allowed a plaintiff a reasonable time to file a complaint. *Id.* at 294, 241 N.W. 183. Conversely, termination of settlement negotiations with less than two months remaining constitutes a waiver of the limitation period as does termination of the settlement negotiations after the limitation period has elapsed. *Id.*

More recently, the Michigan Court of Appeals has stated:

> To avoid a statute of limitations defense using an estoppel theory, a plaintiff must allege action by the defendant, such as concealment of a cause of action, misrepresentation as to the time in which an action may be brought, or inducement to refrain from bringing an action. *Robinson v. Associated Truck Lines, Inc,* 135 Mich App 571, 576; 355 N.W.2d 282 (1984). Negotiations, if deliberately intended to forestall commencement of an action, will be considered an inducement sufficient for application of the equitable estoppel theory. *Friedberg v. Ins Co of North America,* 257 Mich 291; 241 NW 183 (1932); *Better Valu Homes, Inc. v. Preferred Mutual Ins Co,* 60 Mich App 315; 230 NW2d 412 (1975).

*Compton v. Michigan Millers Mutual Ins. Co.,* 150 Mich.App. 454, 458, 389 N.W.2d 111 (1986). *See also, Better Valu Homes, Inc. v. Preferred Mutual Ins. Co.,* 60 Mich. App. 315, 318, 230 N.W.2d 412 (1975) ("If an insurer, through negotiations or dilatory tactics, induces an insured to forego bringing suit under an insurance policy until after its limitations period has expired, the insurer will be held to have waived the limitations defense); *William H. Sill Mortgages, Inc. v. Ohio Casualty Ins. Co.,* 412 F.2d 341, 346 (6th Cir.1969) (applying Michigan law and stating, "[t]he insurer may not lull the insured to sleep by promises of payment or negotiations for payment or a failure to deny liability until after the time limitation has expired...." *Id.*).

As documentary support for his estoppel/waiver arguments, plaintiff attaches to his responsive brief his sworn affidavit in which he states:

11. Mr. Louis Prigioniero, my personal attorney, spoke with Mr. Cerco several times during 1989 and 1990 on my behalf to negotiate my claim. Mr. Prigioniero wrote a letter dated 8/30/89 to Mr. Cerco informing him that he is my attorney and will file a lawsuit if my claim is not resolved, to which Mr. Cerco responded in writing. In a telephone conversation, Mr. Cerco told Mr. Prigioniero that he will pay the claim but requested that Mr. Prigioniero research the law and provide him with a legal basis to honor the claim.

12. During 1989 and 1990, based upon the conversations Mr. Prigioniero had with Mr. Cerco, and the conversations I had with Mr. Frank Haggerty of Haggerty Marine Insurance, the provider (of specialty insurance for wooden boat owners), it was and is my belief that my claim, although denied in writing, was being negotiated and would be paid.

13. The lawsuit was filed because I became exasperated with the amount of time that Mr. Cerco and Zurich–American were taking in honoring my claim.

Plaintiff's Affidavit at ¶'s 11–13. The August 1989 letter written by Mr. Prigioniero is attached as an exhibit to plaintiff's responsive brief. Plaintiff alleges that the letter written in response by Cerco cannot be found.

Defendant's reply to plaintiff's responsive brief contains the argument that plaintiff has offered no proof to support his allegations, but merely broad and vague allegations that contacts with the insurance company were continuing after the date of the denial. Defendant contends that plaintiff is required to provide the substance of each contact and specific dates on which they occurred. Defendant also asserts that plaintiff has no personal knowledge of contacts between defendant and his attorney, and thus, is not competent to attest thereto. This Court agrees.

Fed.R.Civ.P. 56(e) provides that opposing affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissable in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Plaintiff attempts to create a genuine issue of fact by offering an affidavit from a person who is not "competent to testify to the matters stated therein." The statements allegedly made to plaintiff by his attorney refer to communications between plaintiff's attorney and Mr. Cerco. Such statements, when offered by plaintiff himself, are clearly inadmissable hearsay. This Court has not been presented with any explanation as to why an affidavit was not submitted by someone competent to testify, e.g. Mr. Prigioniero, plaintiff's "personal attorney" with whom Mr. Cerco allegedly spoke.

As set forth above, plaintiff has a significant burden to meet to avoid the statute of limitations defense. Plaintiff must prove, not only that there were discussions taking place between a representative of the insurer and plaintiff (through his attorney), but that such discussions were intended as an "inducement" to cause plaintiff to refrain from bringing the lawsuit. *Robinson v. Associated Truck Lines, Inc.*, 135 Mich. App. 571, 576, 355 N.W.2d 282 (1984). Defendant's affidavit and supporting documentation assert that the claim was denied on February 3, 1989 and that subsequent to such date no statements were made to plaintiff concerning his claim from which it could be concluded that defendant was reconsidering its denial. The affidavit signed by plaintiff, in opposition to defendant's Motion for Summary Judgment, falls far short of meeting plaintiff's burden to establish that there is a genuine issue of a material fact.

For the reasons set forth above,

IT IS ORDERED that defendant's Motion for Summary Judgment is hereby GRANTED.