935 F.2d 271
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janice WHITING, Plaintiff-Appellant,
v.
AUTO OWNERS INSURANCE CO., Defendant-Appellee.
 No. 90-1728.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1991.
 
 Before MERRITT, Chief Judge, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff homeowner appeals a grant of summary judgment for defendant insurer upholding the amount defendant paid to plaintiff to compensate her for property damage to her residence due to a fire. We reverse and remand.
 
 FACTS
 
 2
 In 1984, plaintiff and her husband bought a home subject to a mortgage, which they insured with defendant. A fire destroyed their home in April 1988, at which time the house and fee interest were encumbered by a mortgage securing a promissory note for approximately $77,000. In June 1988, Interfirst, the holder of the note and mortgage, foreclosed on the property for nonpayment, and conducted a mortgage sale. At this auction, Interfirst bid $77,000 (the amount owed by plaintiff and her husband) and acquired title to the lot and burned-out house. Interfirst apparently has filed suit in state court. Like plaintiff, it presumably seeks to recover against defendant for fire damage to the home.
 
 
 3
 In July 1988, plaintiff and her husband divorced. Defendant settled separately with plaintiff's (now ex-) husband and he is not a party to this suit. To compensate plaintiff for her loss, defendant issued her a check for $2,354.13, which she cashed. According to defendant, this amount represents $1000 for plaintiff's one-half equity interest in the property and the remainder as compensation for lost personal effects. The District Court ruled that plaintiff had received a full and final settlement of her claim against defendant.
 
 ANALYSIS
 
 4
 On appeal, plaintiff contests the adequacy of the $1000 payment for her one-half equity interest in the property. She does not challenge the adequacy of the amount paid to her for personal effects. The District Court derived plaintiff's insurable interest apparently by subtracting the mortgage holder's interest ($77,000) from the replacement value of the home at the time of loss ($79,000) and by then taking one-half of this amount to calculate plaintiff's one-half interest in the property.
 
 
 5
 We agree with the District Court that a mortgagor like plaintiff is limited in recovering under this standard fire insurance policy to whatever interest she had in the property at the time of loss. In order to recover a judgment under an indemnity insurance contract, an insured first must prove that she had an insurable interest in the property insured; she "can claim no more than the amount or value of her interest, which is the extent of the provable loss." E. Patterson, Essentials of Insurance Law 109-10 (1957). Michigan law, which applies in this diversity case, appears to follow this general rule that an insured may recover only to the extent of her interest in the insured property. See, e.g., Better Valu Homes, Inc. v. Preferred Mut. Ins. Co., 60 Mich.App. 315, 230 N.W.2d 412, 413-14 (1975). In this case, the mortgage holder has taken title to the house, and the plaintiff does not have the option of forcing defendant to rebuild the burned house. Instead, she may claim only a one-half interest in the equity she and her ex-husband had in the property at the time of the fire.
 
 
 6
 While we do not find fault with the District Court's legal analysis, we remand the case so that the District Court can clarify seemingly inconsistent evidence regarding the value of the house and lot prior to the fire damage. It is unclear whether the $79,000 value the District Court used in calculating plaintiff's equity interest represents the replacement value of the home itself or the market value of the unburned home and the lot taken together. If the District Court found that the unburned home and lot were worth only $79,000, then it must reconcile what appears to be inconsistent evidence that the mortgage holder paid $77,000 for the land only (plus the burned-out house). In no place in the record does plaintiff clearly concede that the home and lot were worth only $79,000 prior to the fire. Obviously, plaintiff's equity interest in the property would be greater, and thus she would be entitled to recover more from defendant, if prior to the fire the home and land were worth more than $79,000.
 
 
 7
 The insurance company owes the persons with an insurable interest in the property--the mortgagors and mortgagee--for the amount of their fire losses which was apparently established as $79,000. But the mortgage holder presumably would be entitled to recover from the insurance company no more than the amount of its mortgage. The value of the land which the record indicates has now been transferred to the mortgage holder must be taken into account in this calculation. The record does not show that this value has been noted and put into the equation used for the distribution of the fire insurance proceeds.
 
 
 8
 On remand, the District Court should consider joining the mortgage holder as a defendant pursuant to Fed.R.Civ.P. 19, because the mortgage holder's interest in the insurance proceeds potentially is adverse to plaintiff's. The District Court may not make any decision which might prejudice the mortgage holder unless the mortgage holder is also before the court.
 
 
 9
 This case is REMANDED to the District Court for factual clarification and further proceedings consistent with this opinion.
 
 
 10
 KENNEDY, Circuit Judge, concurring.
 
 
 11
 I agree that this case must be remanded to the District Court for further clarification, and I therefore concur. Because I do not fully agree with the majority's analysis, I file this separate concurrence, however.
 
 
 12
 I would remand the case, but limit it to further proceedings on the breach of contract issue. Although it does not appear that the plaintiff can recover on the contract, it may be that the plaintiff can sue the insurance company for breach of contract for failure to pay the bank promptly. The Whitings were entitled to have the insurance company pay off the mortgage indebtedness within 30 days of the submission of a proof of claim, but whether a claim was submitted and when is unclear. If the insurance company had paid promptly after the fire, the bank would not have been able to foreclose. Certainly, the arson investigation was not a reason to delay payment to the bank since it was entitled to payment even if it were arson, and no other reason is evident from the record. That issue should be clarified on remand.
 
 
 13
 The majority suggests that the District Court should consider joining the bank as a defendant. The plaintiff, however, failed to name the bank as a defendant, even after the insurance company indicated that the bank may be the real defendant. I agree, however, that if she had properly named all the potential defendants, the plaintiff may be able to state a claim against the bank. According to affidavits in the record it refused to accept the insurance company's offer to pay the indebtedness. This was apparently after the foreclosure but during the redemption period when the Whitings were entitled to have the property returned upon payment of the entire indebtedness. Had the bank accepted the insurance money, the Whitings would have owned the land free and clear.
 
 
 14
 I do not believe that under Michigan law the plaintiff can recover on the policy itself more than she already has. Under Michigan law, the insured is entitled only to the value of the equity in the insured property, which was the house, not the house and land. Because of what occurred after the loss there may be a windfall to the insurance company, but that does not affect the insurance company's obligation to the plaintiff. The insurance company either is obligated under the insurance contract to pay out certain funds, or it is not, and any action by the bank does not alter its obligations. Therefore, while I concur in a remand, I would limit it to a pursuit of a breach of contract theory, and affirm the District Court's holding that the plaintiff has received a full and final settlement of her claim for payment on the insurance contract.