MINER *v.* NATIONAL CASUALTY CO.

INSURANCE—HEALTH AND ACCIDENT—NOTICE.

A policy of insurance indemnifying the insured against sickness during a period of not more than 26 weeks, containing a provision that notice in writing of any disability for which claim is to be made must be sent to the secretary within 10 days after the beginning of such disability, sustains a recovery of the stipulated weekly sum for 26 weeks from and after the date on which notice was sent, although notice was not given 10 days after the illness began.

Error to Gratiot; Searl, J. Submitted June 9, 1911. (Docket No. 27.) Decided September 29, 1911.

Assumpsit by George M. Miner against the National Casualty Company on a policy of insurance. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*Henry C. Walters*, for appellant.

*John T. Mathews*, for appellee.

OSTRANDER, C. J. In a suit upon a policy of insurance, plaintiff claimed, and by direction of the court had, a verdict and judgment for the indemnity promised in the fourth subdivision of the policy, which reads:

"*Fourth.* At the rate of $8.00 dollars per week after this policy has been in force without delinquency for thirty days immediately prior to the beginning of sickness, should the assured by reason of sickness be wholly incapacitated from transacting any kind of work or business and as a result thereof be necessarily, entirely and continuously confined to the house and under the charge and subject to the personal calls of a regular licensed physician; provided that he shall not be paid for the first week so confined nor for more than twenty-six weeks for any one continuous sickness."

He offered testimony tending to prove such sickness and disability as is described in the aforementioned clause for a period of 26 weeks following some time in September, 1909. No testimony was offered by the defendant, which was not represented by counsel at the trial. With its plea, defendant company gave notice that it would insist in its defense that the said plaintiff did not give notice in writing to the company of the disability for which indemnity is claimed in this action within 10 days after the beginning of said disability, or at any other time, as required by the policy of insurance. The provision for notice reads:

" Notice in writing of any disability or death for which · claim is to be made must be sent to the secretary of the association at Owosso, Mich., within ten days after the beginning of said disability in order to entitle claimant to indemnity."

Whether a proper notice was given is the only question presented for our consideration. It is alleged in the declaration under a *videlicet* that on July 10, 1909, plaintiff was stricken with sickness which rendered him for a time incompetent to do and perform any business in which memory, judgment, or business discretion was required, by reason whereof he became entitled to receive, and the defendant became obligated to pay to him, $8 a week, to wit, from the 1st day of August, 1909, to wit, for 26 weeks. The testimony for plaintiff tended to prove that his illness began in June, 1909, and continued during a part of that month, during the month of July, and the month of August. The nature of the illness is not made very clear, nor whether the plaintiff suffered during that time and thereafter on account of the same illness or illness produced by the same causes. No physician testified. The questions asked the plaintiff tended to elicit proof of the fact, if it was a fact, that during the months of July and August he was in such condition that he was unable to give, or to direct to be given, notice to the defendant company of his illness, and that he gave notice at the

earliest opportunity in the beginning of the month of September.    Without setting out the testimony, it is sufficient to say that it has no tendency to prove any such thing and if the plaintiff's recovery must depend upon a notice given within 10 days from the time when the illness which he described began, a verdict should have been directed for the defendant.

But plaintiff takes the position also that for the 26 weeks ensuing the time when notice was given he is entitled to recover.    This contention amounts substantially to this:  If the insured is ill for 52 weeks, neglects to notify the company during the first 25 weeks, and then gives it notice, he is entitled to recover for the 26 weeks succeeding the time of giving the notice.    Support for this contention is found in the terms of the condition itself, and, in the absence of an express provision to the contrary, in sound reason.    The liability of the insurer is in any event limited to a period of 26 weeks, and if, after proper notice to the company, the insured is for that period, or any portion of it, otherwise entitled to the indemnity which is demanded, we see no good reason for denying relief.    We can conceive of no purpose which the notice is intended to serve which is not as well served in such a case as it is in a case where notice is given within 10 days after the illness began.    The condition relied upon relates to a disability *for which claim is to be made.*

The judgment is affirmed.

BIRD, MOORE, McALVAY, and BROOKE, JJ., concurred.