CONTINENTAL STUDIOS, INC., *v.* AMERICAN
AUTOMOBILE INSURANCE COMPANY.

1. Indemnity—Notice of Loss—Proof of Loss—Time.
    The conditions of an indemnity bond requiring notice of loss to be given and proof of the amount of loss be furnished within certain prescribed periods must be strictly complied with to enable the obligee to recover.

2. Insurance—Notice—Conditions.
    Stipulations for notice are common in insurance contracts and are usually enforced literally and as conditions.

3. Indemnity—Compliance with Conditions—Waiver—Pleading.
    Defendant indemnitor was not precluded from raising defenses based on the failure of plaintiff to comply with the conditions

References for Points in Headnotes
[1, 3, 6] 27 Am Jur, Indemnity § 30.
[2] 29 Am Jur, Insurance § 1100.
[4] 2 Am Jur, Appeal and Error § 9.

of the indemnity bond as to notice and proofs of loss, where it acknowledged receipt of proof of loss with reservation of its rights and defenses and also pleaded noncompliance with the conditions of the bond, and plaintiff did not assert waiver of the conditions by defendant either by way of reply or at the trial in the common pleas or circuit courts.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADING—TRIAL.
An issue not pleaded nor otherwise presented to the trial court cannot be urged on appeal.

5. SAME—WRONG REASON FOR CORRECT RESULT.
A trial court's assignment of a wrong reason for a correct result does not affect the result in an appellate court if there were other good and sufficient reasons on which the action might have been based.

6. INDEMNITY—NOTICE OF LOSS.
Obligee under indemnity bond which failed to give written notice of loss within 15 days of discovery of fraudulent or dishonest conduct of its employee, as required by bond, was not entitled to recover amount of loss from indemnitor.

Appeal from Wayne; Weideman (Carl M.), J. Submitted April 6, 1954. (Docket No. 16, Calendar No. 46,052.) Decided June 7, 1954.

Action in Detroit common pleas court by Continental Studios, Inc., a corporation, against American Automobile Insurance Company, a stock company, under terms of bond for loss occasioned by misconduct of employee. Judgment for defendant. Plaintiff appealed to circuit court. Judgment for plaintiff. Defendant appeals. Reversed and remanded for entry of judgment for defendant.

*Edward L. Bryant,* for plaintiff.

*Walter A. Mansfield* (*Herbert H. Sulzbach,* of counsel), for defendant.

CARR, J. Under date of August 1, 1950, defendant executed its written obligation whereby it undertook,

subject to certain limitations and conditions, to indemnify plaintiff for pecuniary loss suffered by plaintiff because of the fraud or dishonesty of its employees, or any of them. Among the conditious and limitations referred to were the following:

"Section 11. Cancellation as to any employee. This bond shall be deemed canceled as to any employee: (a) immediately upon discovery by the insured, or by any partner or officer thereof not in collusion with such employee, of any fraudulent or dishonest act on the part of such employee; or (b) at 12 o'clock night, standard time as aforesaid, upon the effective date specified in a written notice served upon the insured or sent by mail. Such date if the notice be served shall be not less than 15 days after such service or, if sent by mail, not less than 20 days after the date of mailing. The mailing by the company of notice, as aforesaid, to the insured at its principal office shall be sufficient proof of notice."

"Section 14. Loss—Notice—Proof—Legal Proceedings. At the earliest practical moment, and at all events not later than 15 days after discovery of any fraudulent or dishonest act on the part of any employee by the insured, or by any partner or officer thereof not in collusion with such employee, the insured shall give the company written notice thereof and within 4 months after such discovery shall file with the company affirmative proof of loss, itemized and duly sworn to, and shall upon request of the company render every assistance, not pecuniary, to facilitate the investigation and adjustment of any loss. No suit to recover on account of loss under this bond shall be brought before the expiration of 2 months from the filing of proof as aforesaid on account of such loss, nor after the expiration of 15 months from the discovery as aforesaid of the fraudulent or dishonest act causing such loss. If any limitation in this bond for giving notice, filing claim or bringing suit is prohibited or made void by any law controlling the construction of this bond, such lim-

itation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law."

· Plaintiff brought suit in the common pleas court of the city of Detroit, claiming that one of its salesmen who was covered by the bond had indulged in a course of conduct which was fraudulent and dishonest and by which plaintiff sustained a loss in the sum of $498.42. The declaration filed alleged that plaintiff had complied with the conditions of the obligation on which its suit was based, that the loss had been reported in accordance with the requirements of the bond, and that proper proof of claim had been filed. To the declaration defendant filed its answer, admitting the execution of the bond but denying that plaintiff had sustained any loss within the provisions thereof. It was further alleged by way of affirmative defense that plaintiff had failed to comply with the requirements of the bond with reference to the giving of notice of loss and, specifically, had not given notice as required by section 14, above quoted, within the time specified therefor. Plaintiff's reply to the answer asserted that notice of loss was seasonably given as required by section 14 and, further, that it had no notice or knowledge of dishonesty on the part of its employee rendering section 11 applicable.

The case was tried before a judge of the common pleas court without a jury. Plaintiff introduced the testimony of its secretary and also certain exhibits tending to indicate, as it is claimed, the amount of the loss that it had sustained because of the misconduct of the employee in question. The first irregularity in the conduct of plaintiff's employee involved a check dated December 22, 1950, in the sum of $76.33. Said check was payable to plaintiff and was drawn on a Mount Clemens bank. Plaintiff claimed that it

was a remittance to it by said employee of a payment due from him, and that it was dishonored. Plaintiff also claimed other acts resulting in financial loss to it, and of a fraudulent and dishonest nature, on the part of the employee. It appears, however, that it did not give formal notice to defendant, as required by the conditions of the bond, until March 29, 1951, when plaintiff's secretary sent to defendant a written memorandum indicating defalcations, on the part of its employee, in the sum of $520.42. Subsequently proof of loss on blanks furnished by defendant, indicating specifically that plaintiff had first discovered loss, resulting from the fraud or dishonesty of its employee, on February 24, 1951, was furnished to defendant.

At the close of plaintiff's proofs defendant moved for a directed verdict in its favor, which the trial judge, after a discussion of the matter with counsel, treated as a motion for judgment and granted accordingly. The record before us indicates that such action was based on the conclusion that plaintiff's employee had been guilty of dishonest conduct in December of 1950, that plaintiff knew of such conduct, and that under section 11 of the conditions and limitations incorporated in the bond such employee was not covered as to his subsequent alleged defalcations. The transcript of the proceeding discloses that the trial judge limited the argument of counsel for defendant, apparently concluding that the application of section 11 rendered it unnecessary to consider other defenses suggested by the pleadings and the proofs.

From the judgment entered plaintiff appealed to the circuit court. The circuit judge who heard the matter came to the conclusion that the dishonoring of the check given by plaintiff's employee in December, 1950, was not necessarily the result of fraud or dishonesty, and that the employee did not, as of

that time, cease to be covered by the bond. Accordingly he set aside the judgment of the common pleas court and entered judgment for the plaintiff in the sum of $563.42, with costs of both courts. From such judgment defendant has appealed to this Court.

The principal question presented by the record before us is whether plaintiff is prevented from recovering on the bond because of its failure to observe conditions therein set forth, particularly in section 14. As above stated, the notice given by plaintiff to defendant on March 29, 1951, indicated that it had known of the conduct of its employee on the 24th of February preceding. Obviously it did not comply with the requirement that notice be given to defendant "at the earliest practical moment, and at all events not later than 15 days after discovery of any fraudulent or dishonest act on the part of any employee by the insured." The record discloses no facts relieving or excusing plaintiff from its obligation to give such notice within the specified time. That it was a material requirement from the standpoint of the defendant is not open to question. In discussing a similar issue arising under the provisions of a fire insurance policy, it was said in *Riddlesbarger* v. *Hartford Insurance Company,* 74 US (7 Wall) 386, 390 (19 L ed 257):

"It is clearly for the interest of insurance companies that the extent of losses sustained by them should be speedily ascertained, and it is equally for the interest of the assured that the loss should be speedily adjusted and paid. The conditions in policies requiring notice of the loss to be given, and proofs of the amount to be furnished the insurers within certain prescribed periods, must be strictly complied with to enable the assured to recover."

Similarly in *Riggs* v. *New Jersey Fidelity & Plate Glass Co.,* 126 Or 404, 416 (270 P 479, 483), the court declared that:

"It is the law that in order for an indemnitee to be entitled to recover upon the indemnity contract he must fully perform all conditions which by the terms of the contract are conditions precedent to any liability on the part of the indemnitor: 31 CJ, p 442, § 40."

In *Murray* v. *American Surety Co. of New York,* 69 F2d 147, the circuit court of appeals of the fifth circuit affirmed a judgment in defendant's favor in an action based on a fidelity bond. The obligation contained a provision, analogous to section 14 of the bond in the case at bar, requiring that:

"At the earliest practicable moment and at all events not later than 10 days after the insured shall discover any loss thereunder, the insured shall give the underwriter notice thereof."

In commenting on the situation, it was said (p 148):

. "The bond was in its substance premium-paid insurance against loss. Its stipulations are analogous to those in insurance policies. It is of great importance to the surety to get prompt notice of a claim, that investigation·may be made and that the misapplied property may be recovered, and that the defaulter may be proceeded against. The stipulation for notice is here associated with agreements about time limitation for suit and is introduced by the words: 'This bond is subject to the following express conditions.' The plain meaning is that the liability on the bond is conditioned on performance of what follows. There is no ambiguity 'to be resolved in favor of the insured. If this stipulation were a covenant whose breach is remediable by the allowance of damages, it would seldom be possible to ascertain what damage did result from not giving notice within the time limit. Stipulations for notice are common in insurance contracts and are usually enforced literally and as conditions." . . . . .

See, also, *Public Warehouses of Matanzas, Inc., v. Fidelity & Deposit Co. of Maryland* (CCA), 77 F2d 831.

Counsel for plaintiff argues in his brief that defendant was precluded by its conduct from raising defenses based on the failure of plaintiff to comply with the conditions of the bond. Such claim rests on the alleged failure of defendant prior to suit to deny liability on its part because of breaches of the conditions. It may be noted in this connection that under date of May 15, 1951, defendant acknowledged receipt of proof of loss stating that such proof was accepted "under a reservation of our rights and defenses." However, extended consideration of plaintiff's argument is not required. As before noted, defendant in its answer to plaintiff's declaration pleaded noncompliance with the conditions of the bond hereinbefore quoted. Plaintiff in its reply did not assert waiver of the conditions by defendant or estoppel to rely on them in defending the action. Rather, plaintiff contended that it had complied with all requirements resting on it. The record does not indicate that any issue involving a claim of waiver or estoppel was raised on the trial in the common pleas court, or on the appeal in circuit court. The case was determined in each court with reference to section 11. The reasons and grounds for appeal filed by plaintiff in the common pleas court, pursuant to Court Rule No 77 (1945, as added in 1949),* did not refer to any ruling or claim with reference to the issues that plaintiff for the first time seeks to raise in argument before this Court. Because of its failure to raise the question seasonably plaintiff may not now claim that defendant was precluded from relying on the defenses raised by its answer to the declaration. *Continental Bank* v. *Great Lakes Western*

---

* See 326 Mich lvi.—Reporter.

*Refining Corporation*, 243 Mich 622; *Willox* v. *Townsend*, 245 Mich 632; *In re McLouth's Estate*, 290 Mich 311; *Lintern* v. *Zentz*, 327 Mich 595 (18 ALR2d 713).

Assuming that the judge of the common pleas court assigned an improper reason for granting defendant's motion for judgment, such fact is not material if there were other good and sufficient reasons on which the action might have been based. We are concerned on this appeal solely with the question whether the judgment in defendant's favor was, under the record, correct. Because of plaintiff's failure to observe the requirements imposed by section 14 of the conditions and limitations in the bond, we come to the conclusion that defendant was entitled to judgment on the basis of the record. Other questions argued by counsel in their briefs do not require discussion.

The case is remanded to the circuit court with directions to set aside the judgment in plaintiff's favor and to enter judgment for defendant. Appellant may have costs.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.