MONTI v LEAGUE LIFE INSURANCE COMPANY

Docket No. 81571. Submitted November 5, 1986, at Detroit. Decided May 20, 1986.

Plaintiff, Joseph Monti, brought an action in the St. Clair Circuit Court against defendant, League Life Insurance Company, alleging breach of contract in regard to defendant's refusal to honor plaintiff's claim for benefits under a group accidental death and disability insurance policy issued by defendant. Defendant filed a motion for accelerated judgment raising the defense of the statute of limitations. The trial court, James T. Corden, J., denied defendant's motion. Defendant appeals by leave granted. *Held:*

1. The controlling statute of limitations in an action to recover for the breach of an insurance contract is MCL 600.5807(8). The period of limitations is six years, measured from the time that the claim first accrues until the commencement of the action.

2. The time period provided in the insurance policy for filing a written notice or proof of claim is 210 days. Plaintiff's disability occurred on April 10, 1975. Plaintiff had until November 6, 1975, to file his proof of claim. Sixty days thereafter, on January 5, 1976, plaintiff could commence suit. The six-year statutory period of limitations would run from that date until January 5, 1982.

3. The Court of Appeals disagreed with the lower court's decision to apply case law to the effect that a failure to file a claim within the policy time period may be excused where a beneficiary does not know of the existence of the policy, where there has been no negligence or fault on his part, and where the notice is given upon learning of the policy. The case precedent relied upon by the trial court is distinguishable because that case involved an unknowing plaintiff who was named a third-party beneficiary on a deceased insured's life insurance policy. Here, plaintiff contracted directly for his

REFERENCES

Am Jur 2d, Insurance §§ 1323-1392, 1492-1497, 1876-1892.

Disability insurance or provision: clause requiring notice of claim as soon as reasonably possible, or the like. 17 ALR3d 530.

insurance coverage and forgot about it. The plaintiff's cause of action accrued on January 5, 1976, and, if there were no other issues, the period of limitations would have run on January 5, 1982.

4. Plaintiff's claim was not timely made under the applicable statute of limitations or under the policy provisions which contractually shortened the statutory limitations period. Under the terms of the policy, plaintiff had three years after January 5, 1976, in which to commence his lawsuit. He did not.

5. Plaintiff's claim would be time barred by the applicable statute of limitations or the policy but for the nature of plaintiff's claim. Plaintiff is claiming disability benefits based on his permanent and continuing total disability. His disability is ongoing. He is seeking to collect on a present injury. Plaintiff's claim is timely under the holding of *Miner v National Casualty Co,* 166 Mich 669 (1911), since notice of claim for a present disability was made within 210 days of that present disability. He would be entitled to benefits from the date of his filing notice for the length of his disability.

6. Defendant is not prejudiced by the presentation of a claim made eight years after the injury since evidence of plaintiff's total disability is just as available now as it was in 1975.

The lower court's denial of defendant's motion for accelerated judgment is affirmed for the reasons set out in the Court of Appeals opinion. The case is remanded to the lower court for further proceedings not inconsistent with the Court of Appeals opinion.

Affirmed and remanded.

1. LIMITATION OF ACTIONS — INSURANCE — BREACH OF CONTRACT.

The period of limitations applicable to an action to recover for the breach of an insurance contract is six years, measured from the time that the claim first accrues until the commencement of the action (MCL 600.5807[8]; MSA 27A.5807[8]).

2. INSURANCE — ACTIONS — ACCRUAL OF ACTIONS — BREACH OF CONTRACT.

A cause of action for breach of an indemnity contract of insurance generally accrues on the date the insured sustains his loss; the parties to an insurance contract may specify the time when a cause of action accrues.

3. INSURANCE — CONTRACTS — LIMITATION OF ACTIONS.

Parties to an insurance contract may contractually shorten the

statutory limitations period and such policy provisions are binding.

4. INSURANCE — NOTICE OF CLAIM — PROOF OF LOSS.

An insured must strictly comply with the time periods set out in an insurance policy for filing notice of claim and proof of loss.

5. INSURANCE — DISABILITY BENEFITS — NOTICE OF INJURY — CONTINUING INJURIES.

An insured's claim for disability benefits based on the insured's permanent and continuing total disability may be considered timely under an insurance policy's provision which provides a time period of 210 days from the time of the injury for filing a written notice or proof of loss where the claim for a present disability was made more than 210 days after the insured originally incurred the injury but within 210 days of that present disability; the insured would be entitled to benefits from the date of his filing of the notice for the length of his disability.

*Touma, Watson, Nicholson, Whaling, Fletcher & DeGrow, P.C.* (by *Thomas B. Calcatera*), for plaintiff.

*Luce, Henderson, Bankson, Heyboer & Lane* (by *Robert J. Henderson*), for defendant.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

PER CURIAM. This appeal arises from a breach of contract action in which the plaintiff is seeking disability payments under an accidental death and disability policy of insurance issued by the defendant. Defendant filed a motion for accelerated judgment raising the defense of the statute of limitations, which motion was denied by the lower court. This Court granted leave to appeal to consider the lower court's denial of defendant's motion for accelerated judgment. While we find no error in the lower court's opinion in this case, we

* Circuit judge, sitting on the Court of Appeals by assignment.

nonetheless concur in the result for reasons more fully set out in this opinion.

On July 2, 1973, plaintiff, through his credit union, became insured under a group accidental death and disability insurance policy with defendant. The policy provided for disability income benefits of $100 per month for accidental total disability. The master contract provided that $6.25 quarterly premium payments would be deducted directly from the insured's credit union account. These deductions paid the premiums for both the accidental death and total disability coverage. In addition, the master contract provided that defendant would "issue to each Member insured hereunder, an individual certificate of insurance." The master contract also provided that the "Policy, the application of the League, the applications of the Participating Credit Unions and individual enrollment cards of Members, constitute the entire contract between the parties."

The "notice and proof of claim" paragraph of the master contract provided:

> NOTICE AND PROOF OF CLAIM—In case of a claim for Death Benefits, written notice of claim must be given to the Company within 30 days following the death of the Member, or the spouse of such Member, or as soon thereafter as is reasonably possible. In the case of a claim for Total Disability benefits, written notice of claim must be given to the Company within 210 days of the commencement of Total Disability.
>
> Upon receipt of such notice, the Company will furnish forms for filing proof of claim. If such forms are not furnished within 15 days after receipt of notice of claim, the claimant shall be deemed to have complied with the requirements of this provision as to proof of claim, upon submitting, within the time fixed in this provision for filing proof of claim, written proof covering the

character, extent, and occurrence of the condition for which claim is made.

In case of claim for which this policy provides any periodic payment, written proof of claim must be furnished to the Company at its Home Office within 180 days after the termination of the first such period for which a benefit would be paid. In case of claim for loss for which this Policy provides a lump sum payment, written proof of claim must be furnished to the Company at its Home Office within 180 days after the date of such loss.

Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible, and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

The "legal actions" paragraph provided:

LEGAL ACTIONS—No action at law or in equity shall be brought to recover on this Policy prior to the expiration of 60 days after written proof of claim has been furnished in accordance with the requirements of this Policy. No such action shall be brought after the expiration of 3 years after the time written proof of claim is required to be furnished.

On April 10, 1975, plaintiff fell off a ladder at work and severely injured his knees and his back. He claims total and permanent disability since the fall and has been receiving workers' compensation and social security disability benefits since that time. On December 22, 1982, plaintiff notified defendant of his disability and claimed benefits under the policy. Defendant refused his claim. The premiums on his accidental death and disability policy with defendant have continued to be de-

ducted from his credit union account and have been accepted by defendant since the 1975 injury.

Plaintiff filed his complaint in St. Clair Circuit Court on December 22, 1983. On February 1, 1984, defendant filed a motion for accelerated judgment pursuant to GCR 1963, 116.1(5), MCR 2.116(C)(7), contending that plaintiff's action was barred by both the applicable statute of limitations and by the express terms of the "notice of proof of claim" and "legal actions" paragraphs of the master contract. In an opinion dated April 13, 1984, the lower court denied defendant's motion for accelerated judgment. The court held that, pursuant to the contract, plaintiff's cause of action accrued sixty days after his notice of claim should have been filed under the contract; 210 days after the loss. The court noted, however, that while generally an insured must comply strictly with the time periods for notice of claim as set out in an insurance policy, failure to file a claim within the policy's time period "may be excused where a beneficiary does not know of the existence of the policy, and where there has been no negligence of fault on his part, and where the notice is given upon learning of the policy." According to the lower court, if plaintiff was unaware of the policy, he was so excused from filing a timely notice of claim, and the date of accrual of his cause of action would be moved forward to sixty days after the time plaintiff gave notice of his discovery of the claim on December 22, 1982. The court also ruled that by defendant's continuing to accept premium payments after receipt of plaintiff's notice of claim, a waiver issue was raised. Finally, the court noted that, since defendant continues to benefit from the insurance contract without providing a benefit to plaintiff, there existed a ques-

tion as to whether the contract was unconsciona-
ble. The court concluded:

> Therefore, the following fact questions are pre-
> sented:
> 1) Was plaintiff negligent in not being aware of
> the existence of the policy?
> 2) Did plaintiff give notice promptly upon finding
> out about the policy?
> 3) Is a portion of the premium allocable to the
> disability benefit so that the defendant is continu-
> ing to accept premiums for disability coverage?
> 4) Under the circumstances are the notice provi-
> sions unconscionable?
> Because of the existence of these fact questions,
> the motion for accelerated judgment is denied.

Defendant filed its application for leave to ap-
peal on December 21, 1984. Supporting the appli-
cation was a concise statement of material facts
signed by plaintiff's and defendant's attorneys,
certified by the lower court on August 1, 1984, and
re-certified on December 12, 1984. Paragraph 3 of
the concise statement reads:

> 3. On or about December 22, 1982, plaintiff
> wrote to defendant, advising that he had forgotten
> about his insurance policy, and making a claim for
> disability benefits. Copy of said letter is attached
> hereto as Exhibit "B."

Exhibit B, plaintiff's letter to defendant, reads:

> Sir,
> I applied for this A-D-D income insurance back in
> 1973, and like a dummy put it away and forgot all
> about it.
> Well anyway in 4/10/75 I was disabled on a job
> accident and have been on s.s. disability ever
> since.

Well, as I was going through old papers I had in the drawer, I run across this old policy. Anyway as you can image [sic], I was floored finding out I have been covered by an acci. policy for about 9 years, and didn't know it. Forgot all about it.

Well, I was thinking that as I am permently [sic] disabled from the acci. I was in year ago, and was intitled [sic] to draw benefits and that I still am covered under this policy, and that I am almost 65 years old. I may be able to get the remaining benefit, till 65 years of age.

What do you think.

Thank you.

Yours Joseph Monti

PS it don't hurt to try.

This Court granted leave to appeal by order dated February 22, 1985.

Two questions involving limitations of actions are presented in this case. We will consider them separately.

(1) *Is plaintiff's action barred by the statute of limitations?*

The controlling statute of limitations in an action to recover for the breach of an insurance contract is MCL 600.5807(8); MSA 27A.5807(8). *Traverse City State Bank v Ranger Ins Co,* 72 Mich App 150; 249 NW2d 333 (1976). The period of limitations is six years, measured from the time that the claim first accrues until the commencement of the action. Defendant argues that the plaintiff's claim accrued on the date of his accident, April 10, 1975, and the limitations period would therefore run six years after that date or until April 10, 1981. The Court agrees that as a general rule a cause of action for breach of an indemnity contract of insurance accrues on the date the insured sustains his loss. *Ins Co of North America v Southeastern Electric Co, Inc,* 405 Mich

554; 275 NW2d 255 (1979). However, this Court has held that the parties to an insurance contract may specify the time when a cause of action accrues. *Traverse City State Bank, supra.* That is the case here. Under the legal actions paragraph of the master policy set out above, the policy provides that a suit on the policy could not be brought until the expiration of sixty days after written proof of claim had been furnished in accordance with the policy. In this case, the policy provides two time periods for making a claim. The first provision states that "written notice of claim must be given to the Company within 210 days of commencement of Total Disability." The second provision states that written proof of claim must be furnished "within 180 days after termination of the first [periodic payment] period for which a benefit would be paid." In this case the benefit period is one month so that, in either case, the time period for filing a written notice or proof of claim is 210 days. Plaintiff's disability occurred on April 10, 1975. He therefore had until November 6, 1975, to file his proof of claim. Sixty days thereafter, or January 5, 1976, he could commence suit. The six-year statutory period of limitations would run from that date. This action was commenced December 22, 1983, and normally would be barred by the statute of limitations.

The lower court determined that "the required date of notice of claim is being moved forward to a date promptly after insured discovers existence of the policy." This conclusion was reached by the lower court as follows:

In general, an insured must strictly comply with time periods set out in an insurance policy for filing notice of claim and proof of loss. *Continental Studios, Inc v American Auto Ins Co,* 340 Mich 6;

64 NW2d 615 (1954). However, failure to file a claim within the policy time period may be excused where a beneficiary does not know of the existence of the policy, and where there has been no negligence or fault on his part, and where the notice is given upon learning of the policy. *Reed v Mutual Benefit Health & Accident Ass'n,* 345 Mich 586; 76 NW2d 869 (1956).

We disagree. After the lower court's decision, the parties certified to this Court a concise statement of material facts from which it appears that there is no question of fact that the plaintiff was unaware of the existence of the insurance policy. In fact, he states that he simply forgot that he was covered. *Reed,* relied upon by the lower court, is distinguishable in any event because that case involves an unknowing plaintiff who is named a third-party beneficiary of a deceased insured's life insurance policy. Here, plaintiff contracted directly for his insurance coverage with the defendant and forgot about it. The lower court did not have the benefit of the concise statement of facts that has been presented to this Court. The plaintiff's cause of action accrued on January 5, 1976, and, if there were no other issues, the period of limitations would have run on January 5, 1982.

(2) *Is plaintiff's claim barred because he failed to furnish notice or proof of loss to defendant within the time period prescribed in the policy?*

In this case, the insurance contract provides that no action "shall be brought after the expiration of 3 years after the time written proof of claim is required to be furnished." Parties may contractually shorten the statutory limitations period and such policy provisions are binding. *Traverse City State Bank, supra; Bashans v Metro Mutual Ins Co,* 369 Mich 141; 119 NW2d 622

(1963); *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976). An insured must strictly comply with time periods set out in an insurance policy for filing notice of claim and proof of loss. *Continental Studios, supra.* For the reasons discussed previously, plaintiff's claim was not timely made under the applicable statute of limitations or under the policy provisions which contractually shortened the statutory limitations period. Plaintiff had 210 days from the time of his injury to file notice and proof of claim. Sixty days thereafter, or January 5, 1976, he could commence suit. Under the terms of the contract, he had three years after January 5, 1976, in which to commence his lawsuit. He did not.

The plaintiff's claim would be time barred by the applicable statute or the contract but for the nature of plaintiff's claim. Plaintiff is claiming disability benefits based on his permanent and continuing total disability. His disability is ongoing. It is not a discrete loss. In that sense, he is seeking to collect on a present injury and not a stale claim. The issue was before the Supreme Court in *Miner v National Casualty Co,* 166 Mich 669; 132 NW 446 (1911). In that case plaintiff had a disability insurance policy which provided coverage for up to twenty-six weeks. Under the policy terms, plaintiff had to file notice of claim within ten days of the onset of the disability. Plaintiff became disabled in July of 1909, however, notice of claim was not sent to the defendant until September of 1909. Defendant denied coverage for the reason that plaintiff had not notified it within the ten-day period. The Supreme Court held that, although notice was not timely under the provisons of the policy, plaintiff could still collect twenty-six weeks of disability benefits as of the time notice was given. The Court stated:

[I]f the plaintiff's recovery must depend upon a notice given within 10 days from the time when the illness which he described began, a verdict should have been directed for the defendant.

But plaintiff takes the position also that for the 26 weeks ensuing the time when notice was given he is entitled to recover. This contention amounts substantially to this: If the insured is ill for 52 weeks, neglects to notify the company during the first 25 weeks, and then gives it notice, he is entitled to recover for the 26 weeks succeeding the time of giving the notice. Support for this contention is found in the terms of the condition itself, and, in the absence of an express provision to the contrary, in sound reason. The liability of the insurer is in any event limited to a period of 26 weeks, and if, after proper notice to the company, the insured is for that period, or any portion of it, otherwise entitled to the indemnity which is demanded, we see no good reason for denying relief. We can conceive of no purpose which the notice is intended to serve which is not as well served in such a case as it is in a case where notice is given within 10 days after the illness began. The condition relied upon relates to a disability for which claim is to be made. [166 Mich 671.]

Here, plaintiff's claim is timely under *Miner* since notice of claim for a present disability was made within 210 days of that present disability. He would be entitled to benefits from the date of his filing notice for the length of his disability.

Defendant is not prejudiced by the presentation of a claim made eight years after the injury since evidence of plaintiff's total disability is just as available now as it was in 1975. Such an interpretation of the notice requirement under a disability claim is both reasonable and fair. This is particularly true as the Court notes that during the entire period from plaintiff's purchase of the in-

demnity contract to the present he has continued to make premium payments on the insurance policy which have been accepted by the defendant. While it is true that a portion of the premium is allocable to the life insurance aspect of the dual policy, a portion of the premium nonetheless is directly allocable to the disability coverage.

The lower court's denial of defendant's motion for accelerated judgment is affirmed for the reasons set out in this opinion. The case is remanded to the lower court for further proceedings not inconsistent with this opinion.

Affirmed and remanded.