ALDALALI v UNDERWRITERS AT LLOYD'S, LONDON

Docket No. 100240. Submitted October 19, 1988, at Detroit. Decided
    January 18, 1989.

Defendant, Underwriters at Lloyd's, London, issued a single
    policy of insurance to plaintiff, Hashem M. Aldalali, doing
    business as H & A Market, consisting of fire and extended
    coverage supplemented with standard loss of earnings coverage.
    The policy provided that suit thereon for recovery of any claim
    must be filed within twelve months of the date of the loss. On
    November 30, 1982, plaintiff claimed all benefits provided to
    him under the insurance policy as a result of a loss of earnings
    arising out of events which occurred in October, 1982. Defen-
    dant denied plaintiff's claim on February 10, 1983. On June 6,
    1986, plaintiff filed a suit in the Wayne Circuit Court against
    defendant alleging breach of the insurance contract. Defendant
    answered and asserted that plaintiff's action was not filed in a
    timely manner. The trial court, John A. Murphy, J., denied
    defendant's motion for summary disposition, finding that there
    was an issue of fact regarding whether the action was filed in a
    timely manner. Defendant appealed by leave granted from the
    trial court's subsequent order denying defendant's motion for
    reconsideration.

The Court of Appeals *held:*

1. The trial court erred in failing to grant defendant's motion
for summary disposition. Plaintiff's claim was filed beyond the
twelve-month time limitation as provided in the insurance
contract.

2. The twelve-month limitation period clause which was
included in the standard fire insurance policy issued by defen-
dant to plaintiff applied to all of the insurance provided under

REFERENCES

Am Jur 2d, Insurance §§ 1876 *et seq.*; Limitation of Actions §§ 64,
    65.
Validity of contractual time period, shorter than statute of limita-
    tions, for bringing action. 6 ALR3d 1197.
Policy provision limiting time within which action may be brought
    on the policy as applicable to tort action by insured against
    insurer. 66 ALR4th 859.

the single policy issued by defendant, including the loss of earnings policy.
Reversed.

1. LIMITATION OF ACTIONS — CONTRACTS.

Absent a statute to the contrary, courts generally will uphold provisions in private contracts limiting the time within which to bring suit where the limitation is reasonable, even though the period specified is less than that prescribed by an otherwise applicable statute of limitations.

2. INSURANCE — NOTICE OF CLAIMS — LIMITATION OF ACTIONS.

An insured must strictly comply with time periods set out in an insurance policy for filing notice of a claim and proof of loss; the limitation period is, however, tolled from the date that the insured gives notice of the loss until liability is formally denied by the insurer.

3. INSURANCE — FIRE INSURANCE — LIMITATION OF ACTIONS.

Fire insurance contracts may include riders or endorsements which are subject to the standard policy provisions, including the twelve-month limitation period (MCL 500.2820, 500.2824; MSA 24.12820, 24.12824).

*Lawrence D. Hochman,* for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *John E. Curley*), for defendant.

Before: SULLIVAN, P.J., and MURPHY and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant appeals by leave granted from an order of the trial court denying its motion for reconsideration of an earlier ruling that there was an issue of fact whether plaintiff's suit filed against defendant for loss of earnings coverage on an insurance policy was filed in a timely manner. We reverse.

On June 16, 1982, defendant issued an insurance policy to plaintiff. The insurance was a single

* Circuit judge, sitting on the Court of Appeals by assignment.

policy which consisted of fire and extended coverage supplemented with standard loss of earnings coverage. The policy provided insurance to plaintiff for loss of earnings arising out of damage to real or personal property caused by, among other things, riot or civil commotion, including pillage or looting occurring during and at the immediate place of a riot or civil commotion, and vandalism or malicious mischief caused by pilferage, theft, burglary or larceny. The policy further provided that suit on the policy for recovery of any claim had to be filed within twelve months of the date of the loss.

On October 30, 1982, one of plaintiff's employees shot and killed an individual. Because the homicide resulted in a great deal of publicity, threats to plaintiff's life and looting of the business premises, plaintiff was forced to close his store. On November 30, 1982, plaintiff claimed all benefits provided to him under the insurance policy and, on February 10, 1983, defendant denied the claim.

On June 6, 1986, plaintiff filed suit against defendant for breach of the insurance policy. Defendant answered and, as an affirmative defense, asserted that plaintiff's claims were barred under the policy because he failed to file suit within twelve months from the date of his loss. Plaintiff replied that neither the policy's limitation provision nor the twelve-month statutory limitation period provided by MCL 500.2832; MSA 24.12832 were applicable because defendant's policy was not exclusively a fire insurance policy.

Defendant then moved for summary disposition pursuant to MCR 2.116(C)(7), contending that plaintiff's claims were not timely filed as required by the policy's limitation provision. At the ensuing hearing, plaintiff contended that a factual dispute existed whether his claim for the loss of earnings

was time barred because the twelve-month limitation provision was ambiguous.

The trial court denied defendant's motion finding that "[t]he ambiguity would be simply whether or not the twelve-month period would apply to the type of loss . . . here . . . I think it's a factual question."

Defendant's sole claim on appeal is that the trial court erred in failing to grant its motion for summary disposition. We agree.

Absent any statute to the contrary, the general rule followed by most courts has been to uphold provisions in private contracts limiting the time within which to bring suit where the limitation is reasonable, even though the period specified is less than that prescribed by an otherwise applicable statute of limitations. *Camelot Excavating Co, Inc v St Paul Fire & Marine Ins Co,* 410 Mich 118, 126; 301 NW2d 275 (1981).

Defendant's policy issued to plaintiff provided:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss.

Our Supreme Court in *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588, 592; 242 NW2d 396 (1976), stated that a twelve-month limitation on suits represents a reasonable balance between the insurer's interest in prompt commencement of an action and the insured's need for adequate time to bring an action.

An insured must strictly comply with time periods set out in an insurance policy for filing notice of a claim and proof of loss. *Monti v League Life*

*Ins Co,* 151 Mich App 789, 799; 391 NW2d 490 (1986). The limitation period is, however, tolled from the date that the insured gives notice of the loss until liability is formally denied by the insurance company. *Tom Thomas, supra,* p 597.

In this case, plaintiff sought recovery for loss of earnings arising out of events which occurred in October, 1982. Defendant denied plaintiff's claim on February 10, 1983. However, plaintiff did not file suit until June 6, 1986, approximately three years and three months later. This was clearly beyond the twelve-month time limitation as provided in the insurance contract.

With respect to plaintiff's contention that the limitation period applies only to fire insurance coverage because the limitation clause is included in the standard fire insurance policy, we note that fire insurance contracts may include riders or endorsements which are subject to the standard policy provisions, including the twelve-month limitation period. See MCL 500.2820 and 500.2824; MSA 24.12820 and 24.12824.

Defendant issued a single policy to plaintiff. The cover note declared that the insurance effected by it, which included the standard loss of earnings policy, was subject to all of the terms and conditions of any policy issued and delivered to the insured. Therefore, plaintiff was required to comply with the twelve-month time limitation and the lower court erred in denying defendant's motion for summary disposition.

Reversed.