Charles BRACKX, Plaintiff,

v.

The MINNESOTA MUTUAL LIFE INSURANCE COMPANY, Defendant.

Civil Action No. 96–40258.

United States District Court, E.D. Michigan, Southern Division.

Feb. 24, 1997.

John B. Farrell, Welch, MacAlpine, Bahorski, Bieglecki & Farrell, P.C., Mount Clemens, MI, for plaintiff.

Charles Brackx, Harper Woods, MI, pro se.

Joel M. Shere, Cooper, Walinski & Cramer, Ann Arbor, MI, for defendant.

*MEMORANDUM OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

GADOLA, District Judge.

Before the court is defendant, The Minnesota Mutual Life Insurance Company's ("MML"), motion for partial summary judgment, pursuant to Federal Rule of Civil Procedure 56(c), filed on November 8, 1996. In

that motion, defendant seeks summary judgment as to Counts I, II and III of plaintiff, Charles Brackx's ("Brackx"), four count complaint. Oral argument was heard on February 19, 1997. At oral argument, plaintiff's counsel conceded that summary judgment is appropriate as to counts II and III. For the reasons stated below, this court will grant, in part, and deny, in part, defendant's motion for summary judgment as to Count I.

### Background

Brackx purchased a disability insurance policy from MML in February of 1982. During the summer of 1989, Brackx had experienced angina pain, shortness of breath, palpitations and related problems which resulted in his hospitalization. During that hospitalization, it was determined that he suffered a mitral valve prolapse. As a result of this condition, Brackx, who was a criminal trial attorney at the time, had to significantly reduce his practice.

Although he reduced his practice, Brackx claims he intended to return to it once he got his medical condition under control. In the interim, Brackx began teaching to supplement his family's income and subsequently attended Michigan State University to obtain an advanced degree.

After a subsequent hospitalization for continued angina pain in July of 1994, Brackx realized he would not be able to return to his criminal law practice. On August 11, 1994 Brackx contacted MML and inquired as to whether or not a claim for disability under his policy would be appropriate. Brackx spoke with claims examiner Lisa Phillips.

The next day, August 12, 1994, Phillips wrote Brackx stating that "due to the length of time that has lapsed since July, 1988 (sic 1989) we may find it necessary to evaluate your claim in accordance with your policy's Notice of Disability provision. This provision states that you must give written proof of disability within 100 days after the end of the period we are liable."

Brackx was asked to complete a notice of claim form which he did and which was accepted by MML on or about August 27, 1994. Upon receipt of the notice of claim, MML proceeded to gather medical information from plaintiff's doctors to evaluate his claim.

On August 15, 1995, after gathering and evaluating the medical information, MML sent Brackx a letter dated August 15, 1995 denying his claim. The letter, from Phillips, states in relevant part:

After thoroughly reviewing all the available medical information ... it is Minnesota Mutual's determination that you are not disabled under the terms of your policies. This determination is made in concurrence with the notice of claim provision contained in your policies as explained below.

In order for your claim to be considered under your Disability Income policy 1487442H you must notify Minnesota Mutual in writing within thirty days after the occurrence or commencement of any loss covered by the policy. . . .

On August 9, 1994, Minnesota Mutual received a message from your servicing agency that you were presenting a disability claim. An onset date of disability was not reported at that time. On August 31, 1994, Minnesota Mutual received your written Notice of Disability claiming a May 12, 1989 disability onset. Due to the passage of time from your reported May 12, 1989 disability onset and Minnesota Mutual's receipt of your written notice of this disability on August 31, 1994, we find it necessary to exercise our rights under the notice of disability provision contained in your policies.

On July 5, 1996, Brackx filed the instant complaint in Wayne County Circuit Court. On July 23, 1996, MML removed the action to this court.

During her deposition, Phillips testified that although she had discussed the thirty day notice of claim provision with Brackx in their August 11 telephone conference, she did not include it as a basis of the evaluation of his claim in her August 12 correspondence. She stated that was an oversight.

Brackx, by affidavit, deposes that he was not told of the thirty day notice provision by Phillips, but was told that only the proof of disability requirement would be considered in evaluating his disability claim. Moreover,

Brackx deposes that he contacted Phillips by phone after receiving the August 12, 1994 correspondence and inquired if the thirty day notice precludes this claim. Brackx deposes that Phillips stated that the thirty day notice issue was not important as MML would evaluate the claim on the basis of the one hundred day notice of disability provision as outlined in her August 12, 1994 correspondence.

Plaintiff claims, as damages, that he is owed approximately $93,000 in past due monthly payments from May 24, 1989 to the present (93 months), and an additional $235,-000 in future payments to age 65.

Plaintiff asserts four causes of action in his complaint: Breach of contract; violation of the Michigan Insurance Code; fraud and deceit; and defamation. Count I alleges a breach of the insurance contract resulting from defendant's denial of plaintiff's claim. Count II alleges that defendant violated the Michigan Insurance Code[1] by failing to pay his claim on a timely basis; by failing to specify in writing the materials which constitute a satisfactory proof of loss within 30 days after receipt of the notice of claim; and by allegedly making a deceptive statement with respect to the business of insurance in its letter to plaintiff of August 12, 1994. Count III alleges that Minnesota Mutual wilfully defrauded plaintiff by misrepresentations in its letter of August 12, 1994 and that defendant profited wrongfully by requiring plaintiff to make premium payments during the period his claim was being evaluated. Count IV alleges defamation, claiming that during the course of investigating plaintiff's claim, a representative of Minnesota Mutual, claiming to be a psychiatrist, "called upon plaintiff's therapist and suggested to the provider that plaintiff was a hypochondriac". Defendant's motion for partial summary judgment is addressed to Counts I–III only. As previously stated, however, plaintiff's counsel concedes that summary judgment is appropriate as to count II and III. Accordingly, this court will only address the breach of contract claim in Count I.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the non-moving party's case on which the non-moving party would bear the burden of proof at trial. *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the non-moving party. *60 Ivy Street Corporation v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). In other words, the disputed fact must be one which might affect outcome of the suit under the substantive law controlling the issue. *Henson v. National Aeronautics and Space Administration*, 14 F.3d 1143, 1148 (6th Cir.1994). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Accordingly, where a reasonable jury could not find that the non-moving party is entitled to a verdict,

---

**1.** In Count II, plaintiff actually alleges claims based on the Michigan Uniform Trade Practices    Act MCLA § 500.2001 *et seq.*

there is no genuine issue for trial and summary judgment is appropriate. *Feliciano v. City of Cleveland*, 988 F.2d 649 (6th Cir. 1993).

Once the moving party carries its initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the non-moving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the non-moving party must present more than just some evidence of a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986):

> There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the [non-moving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the non-moving party must do more than raise some doubt as to the existence of a fact; the non-moving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701 (6th Cir.1991).

### Analysis

#### a. Breach of Contract

Defendant contends that plaintiff's breach of contract claim is barred since he did not file a notice of claim in compliance with the thirty day notice of claim provision of the policy. The relevant policy language provides that: "You must give us notice of your claim within 30 days after the occurrence or commencement of any loss covered by this policy." Defendant argues that since plaintiff claims a continuous period of disability commencing in May, 1989, but did not file a notice of claim until August 27, 1994, his claim is barred by the thirty day notice of

claim provision. *See Continental Studios v. American Auto. Ins. Co.*, 340 Mich. 6, 64 N.W.2d 615 (1954) (holding that an insured must strictly comply with timing provisions in insurance policies); *Monti v. League Life Ins. Co.*, 151 Mich.App. 789, 391 N.W.2d 490 (1986) (same) *Dellar v. Frankenmuth Mutual*, 173 Mich.App. 138, 433 N.W.2d 380 (1988) (same).

Plaintiff, on the other hand, contends that defendant has waived, or should be estopped from raising, the defense of failure to comply with the thirty day notice of claim requirement in the policy. *See, e.g., Dellar*, 173 Mich.App. at 147–48, 433 N.W.2d 380 (recognized that waiver and estoppel may be raised by the plaintiff before a fact finder notwithstanding policy language that required a proof of loss to be filed within sixty days.)

■ Waiver is the voluntary and intentional relinquishment of a known right. *Dellar*, 173 Mich.App. at 146, 433 N.W.2d 380 (quoting *Dahrooge v. Rochester–German Ins. Co.*, 177 Mich. 442, 451–452, 143 N.W. 608 (1913)). The general rule under Michigan law is that a denial of liability under an insurance policy on specified grounds constitutes a waiver of other defenses. *J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1489 (6th Cir.1991); *Jones v. Jackson Nat. Life Ins. Co.*, 819 F.Supp. 1372, 1377 (W.D.Mich. 1993); *Lee v. Evergreen Regency Cooperative & Mgmt. Systems, Inc.*, 151 Mich.App. 281, 286, 390 N.W.2d 183 (1986). The rule is succinctly stated as follows:

> This court has many times held, and it must be accepted as the settled law of this State, that when a loss under an insurance policy has occurred and payment refused for reasons stated, good faith requires that the company shall fully apprise the insured of all of the defenses it intends to rely upon, and its failure to do so is, in legal effect, a waiver, and estops it from maintaining any defenses to an action on the policy other than those of which it has thus given notice.

*Smith v. Mutual Fire Ins. Co.*, 234 Mich. 119, 122–23, 208 N.W. 145 (1926).

■ Plaintiff argues that Phillips could have immediately advised plaintiff that the

defendant would rely on the thirty day notice of claim requirement by raising it in either her telephone conversation of August 11, 1994 or in her August 12, 1994 letter. Since defendant did not raise the thirty day notice of claim requirement until the denial of benefits letter dated August 15, 1995, plaintiff contends that defense was waived.

Defendant responds that Phillips only "inadvertently" omitted the thirty day notice requirement from the August 12, 1994 letter and did not "voluntarily and intentionally" waive the requirement. Moreover, Phillips was not authorized to waive any provision of the policy. Finally, defendant argues that the policy was, in any event, unambiguous as to the thirty day notice requirement and that the policy had a "no waiver" provision.

This court need not address any of defendant's arguments in depth since they all ignore the indisputable fact that the August 15, 1995 letter denying benefits did, in fact, rely on the thirty day provision notwithstanding what Phillips stated in the August 11th conversation or the August 12 letter. The critical inquiry, in determining whether a waiver has occurred, is what defenses were relied upon by the insurer at the time it *denied* benefits. Under *Smith*, it is those defenses that the insurer must continue to rely upon.

Here, defendant relied, in part, on the defense of the thirty day requirement at the time it denied benefits on August 15, 1995. What was said previously, in the August 11th conversation or the August 12th letter is of no consequence since there was no denial of benefits at that time. Those communications merely informed plaintiff of how his claim would be evaluated. Accordingly, defendant cannot be said to have waived the thirty day requirement.

■ Estoppel, on the other hand, has been defined as follows:

> Estoppel is based on some misleading conduct or language of one person which, being relied on, operates to the prejudice of another, and is applied to the wrongdoer by the court in denial of some right, which otherwise might exist, to prevent a fraud.

*Dellar, supra,* 173 Mich.App. at 146, 433 N.W.2d 380 (quoting *Dahrooge, supra,* 177

Mich. at 451–52, 143 N.W. 608). Plaintiff's estoppel argument is not lucid. Presumably it is based on either Phillips's failure to advise plaintiff that the defendant would rely on the thirty day notice requirement or Phillips's alleged representation to plaintiff that the thirty day notice was "not important." In either case, plaintiff presumably relied on this "misleading conduct or language" in proceeding with his claim and was allegedly prejudiced by the "laborious" process of submitting the claim and by paying his disability premiums.

Plaintiff's estoppel argument fails because it does not identify any real prejudice. Plaintiff cannot identify a "denial of some right, which otherwise might [have] exist[ed]." For instance, in *Dellar,* the court found that an insured could be prejudiced if the insurer failed to provide a copy of the insurance policy to the insured in a timely manner. In *Dellar,* the insurer did not provide a copy of the insurance policy until after the sixty day period required to file a proof of loss had lapsed, and then denied benefits based on the insured's failure to comply with that provision. *See Dellar, supra,* 173 Mich. App. at 146, 433 N.W.2d 380. The *Dellar* plaintiff was denied her right to recover benefits because of the insurer's misleading conduct.

Plaintiff herein cannot make a similar argument. Even if it is assumed that Phillips's conduct was misleading, plaintiff was not prejudiced by it since he had already failed to comply with the policy requirement to file a notice of claim within thirty days of the commencement or occurrence of the disability. As such, plaintiff cannot say that he was denied a right that otherwise existed.

Moreover, plaintiff cannot credibly claim that having to go through the claims process is, in and of itself, prejudicial. This is a procedure all potential claimants must go through. The alternative would have been a summary denial of benefits which would have been arguably even more prejudicial.

With respect to the continuing payment of premiums during the claims evaluation period, again plaintiff cannot show prejudice. Plaintiff was only "advised" to continue pay-

ment of his disability premiums; he was not "required" to continue payment.[2] Plaintiff cannot allege prejudice as a result of his decision to continue making disability payments. Accordingly, defendant is not estopped from raising the thirty day notice of claim requirement as a defense.

Although this court finds that waiver and estoppel are not appropriate in this instance, summary judgment in favor of defendant is nevertheless not warranted on plaintiff's breach of contract claim. This is so because of the Michigan Court of Appeal's holding in *Monti.* While not a waiver or estoppel case, *Monti* is directly on point and controls this case.

In *Monti,* the Court of Appeals recognized that despite a time period set out in an insurance policy for filing a notice of claim, a plaintiff who is claiming disability benefits based on his permanent and continuing total disability would not be barred from receiving benefits as of the time notice was given.

In *Monti,* plaintiff was insured under a disability insurance policy. The "notice and proof of claim" paragraph of the policy provided, in relevant part, that: "In the case of a claim for Total Disability benefits, written notice of claim must be given to the Company within 210 days of the commencement of Total Disability." On April 10, 1975, plaintiff fell off a ladder and became permanently disabled. On December 22, 1982, plaintiff notified defendant of his disability and claimed benefits under the policy. Defendant refused his claim. Plaintiff filed suit and the defendant moved for an accelerated judgment contending, *inter alia,* that plaintiff's action was barred by the express terms of the "notice of proof of claim." The trial court denied the defendant's motion. The Court of Appeals affirmed.

■ In so doing, it acknowledged the general rule that an insured must strictly comply with time periods set out in an insurance

policy for filing a notice of claim. Moreover, the *Monti* court found that "plaintiff's claim was not timely made ... under the policy provisions...." *Monti,* 151 Mich.App. at 799, 391 N.W.2d 490. The court, however, stated that:

> The plaintiff's claim would be time barred by the ... contract but for the nature of plaintiff's claim. Plaintiff is claiming disability benefits based on his permanent and continuing total disability. His disability is ongoing. It is not a discrete loss. In that sense, he is seeking to collect on a present injury and not a stale claim.

*Id.* The *Monti* court in so holding relied on the Michigan Supreme Court's decision in *Miner v. National Casualty Co.,* 166 Mich. 669, 671, 132 N.W. 446 (1911) (finding that although notice was not timely under the provision of the policy, plaintiff could still collect disability benefits as of the time notice was given).

■ As in *Miner* and *Monti,* the plaintiff herein did not comply with the policy provision regarding notice. However, as in *Miner* and *Monti,* the instant plaintiff suffers from a permanent and continuing disability. Since plaintiff was still suffering from the permanent disability at the time he filed the notice of claim, he would be entitled to benefits from that date under the rule of *Miner* and *Monti.*[3] See *Monti,* 151 Mich.App. at 800, 391 N.W.2d 490.

Defendant's attempt to distinguish *Monti,* interestingly one of their own cited cases, is unavailing. Defendant states that:

> In *Monti* the Michigan Court of Appeals held that plaintiff's claim for disability benefits was timely under the language of the policy in question. In the instant case plaintiff does not dispute that he submitted his claim late—years late—under the notice of claim provision in his policy.

As stated above, the *Monti* and *Miner* courts expressly found that the plaintiff's claim was

---

**2.** The relevant portion of the August 12, 1994 letter is: "Premiums that become due during the period of disability will be waived or refunded through the dates for which benefit payments are approved. To guard against lapse, it is *advisable* to continue premium payments." (emphasis added).

**3.** This, of course, assumes that plaintiff herein is disabled under the policy language. That issue is not before the court in this motion for summary judgment.

*un*timely under the policy. Moreover, defendant, at oral argument, attempted to distinguish *Monti* by directing this court to *Continental, supra,* arguing that *Continental* is a more recent decision of the Michigan Supreme Court than *Miner* and therefore trumps *Monti.* This court, however, is not persuaded by defendant's argument.

*Continental,* unlike *Monti* and *Miner,* did not involve a continuing permanent disability but rather involved a discrete loss. *See Continental,* 340 Mich. at 9, 64 N.W.2d 615. Moreover, there is no indication, whatsoever, that the *Continental* court even considered *Miner.* While this court may not have reached the same result as the *Miner* court had this been a case of first impression, this court is nevertheless dutifully bound to apply the law of Michigan in this diversity case. Since defendant has failed to distinguish *Monti* in any meaningful way, this court finds that it controls the instant case.

While it is true that plaintiff, under *Monti,* is not entitled to past benefits accrued before filing notice, defendant's motion for summary judgment is nevertheless denied as to plaintiff's breach of contract claim for benefits from the date of filing notice, i.e., August 27, 1994.

### Conclusion

In sum, this court finds, for the reasons stated, that summary judgment in favor of defendant is warranted as to Counts II and III but is only partially warranted as to Count I. As to count I, summary judgment is appropriate in favor of defendant for that part of plaintiff's claim that seeks past due benefits prior to August 27, 1994.

### *ORDER*

**IT IS HEREBY ORDERED** that defendant, The Minnesota Mutual Life Insurance Company's, motion for summary judgment is granted, in part, and denied, in part, in accordance with the above memorandum opinion.

**SO ORDERED.**